# Jolly's Administrator v. First National Bank of Iowa City, Iowa.

(Decided April 22, 1914.)

## Appeal from Breckinridge Circuit Court.

1. Judgment—Trial by Court—Effect as Verdict.—Where in a common law action the law and facts are submitted to the court without the intervention of a jury, its finding of fact will not be reversed unless flagrantly against the evidence.

2. Bills and Notes—Holder in Due Course—Finding of Trial Court —Evidence.—In an action on a promissory note, where the law and facts were submitted to the court without the intervention of a jury, and the court found that plaintiff was a holder in due course, evidence considered, and held that the finding of the court was not flagrantly against the evidence.

CLAUDE MERCER for appellant.

ALLEN R. KINCHELOE and D. R. MURRAY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On October 28, 1909, Lydia A. Jolly executed and delivered to the Puritan Manufacturing Company her promissory note for the sum of $496, of which sum $248 was payable in six months, and $248 in twelve months, from date. The note was transferred to the First National Bank of Iowa City, Iowa. After the execution of the note Lydia A. Jolly died. L. H. Jolly was appointed her administrator. The bank brought this action against the administrator to recover on the note. The law and facts were submitted to the court without the intervention of a jury. He found in favor of the bank. Judgment was entered accordingly, and the administrator appeals.

As a defense to the note the defendant pleaded in substance that the bank and the Puritan Manufacturing Company entered into a conspiracy to cheat and defraud his intestate, and that the note was obtained from her by misrepresentations and fraud, and that the bank and the Puritan Manufacturing Company were the joint beneficiaries of the fraud.

For plaintiff several witnesses testified that the note was transferred to plaintiff for a valuable consideration and before maturity, and plaintiff had no notice of fraud

in its procuration. It was also shown that there was no business connection between plaintiff and the Puritan Manufacturing Company except that of banker and customer.

For defendant there was testimony to the effect that the note was given for certain jewelry and a piano, which were to be used in a voting contest, and which it was represented would increase plaintiff's business. The agent of the Puritan Manufacturing Company represented that the note would not be negotiated, and that the company would return the jewelry if unsatisfactory. The jewelry and the piano were practically worthless, and much of the jewelry was returned by customers to whom it had been sold.

Counsel for defendant insist that the answers given by plaintiff's witnesses on cross-examination are sufficient to show that the bank was not a holder in due course, but a mere collecting agency, which expected to be reimbursed if it failed to collect the note. While it is true that its witnesses stated it did not expect to lose anything, yet when fairly construed, their answers show that the proceeds of the note, when actually collected, would go to the bank itself, and in the event of non-payment of the note, it would have recourse on the Puritan Manufacturing Company as endorser. But even if the question were one of greater doubt, we would not be authorized to disturb the finding of the trial court. This is a common law action, and, as before stated, the law and the facts were submitted to the court without the intervention of a jury. Under such circumstances, his finding is equivalent to the verdict of a well instructed jury, and will not be reversed unless flagrantly against the evidence. Bell v. Wood, 87 Ky., 56; Kahn v. Rogers, 19 Ky. L. R., 1806, 44 S. W., 431. In this case the trial court found as a matter of fact that plaintiff was a holder in due course. Giving full force and effect to the circumstances which counsel for defendant claims are sufficient to show the contrary, we cannot say that they are sufficiently convincing to justify the conclusion that the finding of the trial court was flagrantly against the evidence.

Judgment affirmed.