COSGROVE v. SMITH et al. (No. 5575.)

(Court of Civil Appeals of Texas. Austin. Jan. 26, 1916.)

1. WITNESSES ⚖160—COMPETENCY—TRANSACTIONS WITH DECEASED PERSONS.

Defendant cannot, under Vernon's Sayles' Ann. Civ. St. 1914, art. 3690, providing that in actions by or against the heirs or legal representatives of a decedent neither party shall be allowed to testify as to any transaction with or statement by decedent, testify to an agreement made between his grandfather, his predecessor in title, and plaintiff's predecessor in title fixing an agreed boundary line.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 696, 697; Dec. Dig. ⚖160.]

2. APPEAL AND ERROR ⚖1053 — REVIEW — HARMLESS ERROR.

While the practice of admitting incompetent evidence and then excluding it by instructions is not to be commended, the admission of such evidence is no ground for reversal, unless it appears harm resulted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4178–4184; Dec. Dig. ⚖ 1053.]

3. TRIAL ⚖194—INSTRUCTIONS—WEIGHT OF EVIDENCE.

In an action where there was a dispute over a boundary line, a charge that, if the jury should find that the parties' predecessors in title, not knowing the true line separating their lands, agreed upon a boundary line, and, having the property surveyed, built their fences and made their improvements in reliance on such agreement, then, if the line was so fixed, it was binding, and verdict should be for defendants if the line was as stated in their answer, is improper as on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. ⚖194.]

4. TRIAL ⚖252 — INSTRUCTIONS — APPLICABILITY TO EVIDENCE.

Where the only evidence of agreed boundary line was incompetent, and it was withdrawn from the jury, a charge on such agreed boundary line is improper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. ⚖252.]

Appeal from District Court, Coryell County; J. H. Arnold, Judge.

Action by Mrs. T. J. Cosgrove against C. G. Smith and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

R. F. Moore, of Gatesville, for appellant.

RICE, J. Appellant, on the 24th day of December, 1913, brought this suit against Mrs. A. H. Smith and her son, Chas. G. Smith, appellees, in trespass to try title to recover 20 acres of land or more out of the northwest corner of the Hugh Cameron 320-acre survey in Coryell county, and for damages and rent. Appellees resisted recovery: (1) On the ground that the land in controversy is on the W. P. Dodson 160-acre survey, which they own and constituted no part of the Cameron survey; (2) that these surveys adjoin each other, that the west line of the Cameron and the east line of the Dodson were coincident, and that many years prior thereto the owners of said respective surveys, who were the ancestors of plaintiff and defendants, agreed that the location of said division line between said surveys was marked by a certain fence, and that the land in controversy, by virtue of said agreement, was on the west side of said fence, and therefore belonged to appellees.

Before the trial began it was agreed by counsel representing the plaintiff and the defendants:

"That the issue between them was the location of the west boundary line of the Hugh Cameron and the east boundary line of the W. P. Dodson 160-acre survey, which was a common line; that there was no issue as to title, it being admitted that the plaintiff has title to the Cameron, and the defendants have title to the Dodson, but the admission of title shall in no way affect any evidence as to the true location of said line as it actually existed by the original surveyor, or the true location of said line as plead by the defendant as an agreed line. * * * It is also agreed by both parties that the Hugh Cameron survey was the older survey."

Hence the only question was one of boundary to ascertain the true location of the division line between said surveys. A jury trial resulted in a verdict and judgment in favor of appellees, from which appellant prosecutes this appeal.

[1] During the progress of the trial appellee Chas. G. Smith, in his own behalf, was permitted, over appellant's objection, to testify to an agreement had between his grandfather, Davis Smith the then owner of the Dodson survey, and William Spruen, part owner of the Cameron, in which they agreed upon the location of the division line between said surveys, fixing the same in accordance with appellees' contention. And the court also permitted said witness, over objection of appellant, to testify to a subsequent agreement between himself and Andrew J. Cosgrove, the then owner of the Cameron, by which they agreed upon and fixed the location on the ground of the division line between said surveys in accordance with appellees' contention. Appellant was the surviving wife of Andrew Cosgrove and heir at law of William Spruen and Andrew Cosgrove, through whom she deraigned title to the Cameron survey; while appellees were the heirs at law of Davis Smith, through whom they deraigned title to the Dodson survey. It was shown that Davis Smith, William Spruen, and Andrew Cosgrove were dead at the time of the trial. This testimony was objected to on the ground that it was in contravention of the provisions of article 3690, vol. 3, Vernon's Sayles' Rev. Civ. Stats. of Texas, which reads as follows:

"In actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

[2] This ruling of the court is assigned as error on the part of appellant. It appears, however, by an explanation to the bill that this evidence, on motion of appellant, was by the court withdrawn from the consideration of the jury. While this evidence should not have been admitted, as it was violative both of the letter and spirit of the statute referred to, the witness being entirely incompetent to testify as to such agreement (see Parks v. Caudle, 58 Tex. 216; Reddin v. Smith, 65 Tex. 26; also Rogers v. Tompkins, 87 S. W. 382; Edelstein v. Brown, 100 Tex. 403, 100 S. W. 129, 123 Am. St. Rep. 816; Boiders v. Dooley, 154 S. W. 614; Leach v. State, 67 Ark. 314, 55 S. W. 15), still, in view of the fact that this evidence was withdrawn and the jury directed not to consider same, it is doubtful whether, under the circumstances, its introduction should be held reversible error. The practice of admitting and then excluding improper evidence is condemned. See Gulf, C. & S. F. Ry. Co. v. Levy, 59 Tex. 551, 46 Am. Rep. 269; Allen v. Willis, 60 Tex. 155; McCauley v. Long & Co., 61 Tex. 80; Smyth v. Caswell, 67 Tex. 576, 4 S. W. 848. The rule seems to be, however, that when improper evidence is introduced, and afterwards excluded by the charge, it is not regarded as ground for reversal, unless there is a strong reason to believe that such evidence resulted in injury to the objecting party. See Church v. Waggoner, 78 Tex. 203, 14 S. W. 581; Smyth v. Caswell, 67 Tex. 567, 4 S. W. 848. It is likewise held that, though the issue upon which such evidence is admitted is immaterial, yet, if it be so intimately connected with a material issue that it cannot be known whether it did or did not affect the finding of the jury on a material issue in the case, then it is cause for reversal. See Eborn v. Zim 'Pelman, 47 Tex. 522, 26 Am. Rep. 315; Schoolher v. Hutchins, 66 Tex. 332, 1 S. W. 266; Smyth v. Caswell, 67 Tex. 577, 4 S. W. 848. It is often difficult, under such circumstances, to determine whether or not the error has been cured by the withdrawal of the improper testimony; and appellant insists in the present case by her third assignment of error that, notwithstanding such withdrawal, the court, in effect, in a subsequent portion of its charge, permitted the jury to consider said evidence. The portion of the charge so complained of is as follows:

"(K) If, however, you should find from the evidence in this case that there was a dispute between Cosgrove and Spruen on one side and David Smith on the other as to the true dividing line between the Dodson and Cameron surveys, and that Spruen and Cosgrove did not know the true location of the northwest corner of the Hugh Cameron survey and the west line running therefrom, and that said Smith did not know the true location of the northeast corner of the Dodson and the east line running south therefrom, and that Spruen and Cosgrove built their fence on the west line of the Hugh Cameron survey as they then conceived and believed it to be, and if they further had it surveyed as they then believed it to be located, and made their improvements with reference to said line as so surveyed, and that Smith made his improvements with reference to the said line as it was then believed to be located by all of said parties, if they did so believe, and that the said Spruen and Cosgrove permitted Smith or his heirs to subsequently make valuable improvements with reference to said line, then such recognition and acquiescence of Spruen and Cosgrove as to the location of the line in question would be binding upon the plaintiff herein, and, if you should find that the line between the Hugh Cameron and the W. P. Dodson was located at the point and place stated in defendant's original answer by reason of the facts submitted to you in this paragraph of the charge, then your verdict should be for the defendants."

[3, 4] It is insisted by appellant that said charge is error, because, as stated in her brief, there was no evidence, other than the testimony of Chas. G. Smith, defendant, and Andy Smith, tending to support such issue, and because there was no evidence of

valuable improvements having been placed on the line by Davis Smith during his lifetime, or by his heirs or legal representatives during the lifetime of Spruen or Cosgrove, and because there was no pleading warranting the court in giving such charge; and, further, because in effect said paragraph told the jury that it was proper and right for them to consider all of the testimony of Charles G. and Andy Smith with reference to recognition or acquiescence in the line in question. We think the charge ought not to have been given, because it was on the weight of evidence, and further because, assuming as true, as stated by appellant in her brief, there was no evidence in the record to support it, save that of Charles G. and Andy Smith, it was error to give it. Charles G. Smith alone testified as to the agreement with Cosgrove. Andy Smith stated that he had no conversation with Cosgrove about it.

The remaining assignments have been considered, and are regarded without merit; but, for the errors indicated, the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.

