## Hollingsworth v. Avey.

(Decided December 3, 1918.)

### Appeal from Hickman Circuit Court.

1. Appeal and Error—Finding of Chancellor.—In an action at law, tried by the circuit court without the intervention of a jury, its findings of fact will be given the legal effect accorded the verdict of a properly instructed jury. In an action in equity, while the court's findings of fact will not, on appeal, be treated as the verdict of a properly instructed jury, they will be entitled to some weight; and though the Court of Appeals will and does weigh the evidence for itself, it will not disturb the judgment unless it is found to be unsupported by the weight of the evidence; and if left in doubt from its examination of the evidence whether it supports the judgment, it will in such state of case affirm the judgment.

2. Appeal and Error—Evidence—In this action at law, which was tried in the circuit court without the intervention of a jury, the evidence heard in that court and brought up on the appeal being examined by the Court of Appeals, is held sufficient to support the judgment.

R. B. FLATT for appellant.

E. T. BULLOCK for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Affirming.

. The appellee in this action, E. W. Avey, recovered of the appellant J. H. Hollingsworth, in the court below a judgment of $1,532.76 upon an account for merchandise, consisting of provisions and other supplies alleged to have been sold and delivered certain tenants of the latter. An appeal was taken from the judgment by Hollingsworth, which was dismissed by this court because of his failure to file the transcript of the record in the office of the clerk of the court within the time required by the Civil Code, section 738. As the appellant had superseded the judgment by the execution of the proper bond, when the appeal was dismissed, appellee, in addition to recovering his costs on the appeal, was awarded ten per cent damages on the amount of the judgment superseded. The case is now before us on a second appeal from the judgment of the circuit court, which, as two years had not expired after its rendition, appellant had the right to take by praying it in this

court, following the filing of a transcript of the record in the office of the clerk thereof, as was done. So notwithstanding the dismissal of the first appeal it becomes our duty to review on the present appeal the judgment and rulings of the circuit court complained of.

We find from our examination of the record that the claim was made by appellee in the petition that appellant's indebtedness to him was $2,285.24, but by an amended petition, filed before the latter answered, this amount was reduced to $1,532.76, the amount recovered. The answer denied any indebtedness from appellant to appellee and pleaded a settlement between the parties made, as alleged, three years before the institution of the action whereby appellant's indebtedness to appellee was fully paid; and that for such merchandise as he afterwards purchased of appellee the latter was paid at the time of its purchase or soon thereafter. The answer also alleged that appellant had made various payments to appellee for which the latter failed, by mistake or otherwise, to give him credit; and that numerous charges were made against him in appellee's account for merchandise sold to several of appellant's former tenants after they left his farm and employment. The answer further alleged that by reason of errors in appellee's account arising from his failure to credit appellant with payments he had made him, appellee had been paid by him $500.00 more than he owed him, for which judgment was prayed by appellant and to recover which the answer was made a counterclaim and set-off. After the filing of a reply traversing the allegations of the answer, counterclaim and set-off, the case was transferred to the equity docket and the proof taken by the parties in the form of depositions. The trial resulted, as previously stated, in a judgment in appellee's favor for $1,532.76.

It appears from the evidence that appellant or his wife is the owner of a tract of land on the Mississippi River in Hickman county, known as "Wolf Island," which he has had cultivated from year to year by numerous tenants who pay the rents by sharing with appellant the crops they raise thereon; and that his contracts with these tenants made it his duty to furnish them with such foodstuffs and other supplies as would enable them to produce the crops required of them, for which he would be paid out of their portions of the crops as produced. It

was admitted by appellant that the supplies thus furnished his tenants were, under an arrangement between him and appellee, purchased of the latter by the tenants and charged to appellant; that this arrangement continued through a series of years, during which several thousand dollars' worth of supplies were sold by appellee to appellant's tenants and charged to appellant, numerous payments were made by him to appellee therefor and partial settlements had between them. The evidence conduces to show that by far the greater part of the supplies sold by appellee to appellant's tenants were furnished the latter upon written or verbal orders from appellant and the remainder upon such orders from his wife or daughter. Under such conditions it is not difficult to see how the appellant, who confessedly did not himself keep a full or connected account of the purchases or payments, however honest he may be, might become confused as to many items of the account rendered by appellee and fail to understand them. On the other hand, assuming, as the evidence authorizes us to do, that appellee is equally honest, it is reasonable to suppose that as he sold the merchandise and kept the account, it correctly shows appellant's indebtedness to him. As in all such controversies, the evidence was conflicting; that of appellee, much of which in addition to his own testimony and that of his store employees, was furnished by tenants or former tenants of appellant, strongly tended to prove the correctness of the account and appellant's indebtedness thereon; while that of appellant, shown in part by the testimony of at least two of his former tenants, in addition to his own, tended to show errors in the account consisting of unauthorized sales made to former tenants of appellant after their removal from "Wolf Island" and quitting his employ, and payments and settlements claimed to have been made by him which do not appear on the account. It would serve no good purpose to enter upon a discussion of the testimony of the several witnesses or an analysis of the evidence as a whole. We deem it only necessary to say that our reading of it has failed to convince us that the judgment of the circuit court declaring appellant indebted on the account in the amount recovered by appellee is not sustained by the weight of the evidence.

Whether the transfer of the case to the equity docket was or not proper we need not decide, as no objection was made thereto by appellant. So it is not material whether the case be regarded as an action at law tried by the circuit court without the intervention of a jury, or as an action in equity tried by the judge sitting as a chancellor. In either event we would have to affirm the judgment. In an action at law, tried by the circuit court, its findings of fact would be given the legal effect accorded the verdict of a properly instructed jury. In an action in equity, while the circuit court's findings of fact will not, on appeal, be treated as the verdict of a properly instructed jury, they will be entitled to some weight; and though the Court of Appeals will and does examine and weigh the evidence for itself, it will not disturb the judgment unless it is found to be unsupported by the weight of the evidence; and if left in doubt, from its examination of the evidence, whether it supports the judgment, it will in such state of case affirm the judgment. Fields v. Couch, 169 Ky. 554; Herzog v. Gibson, 170 Ky. 325; Jolly's Admr. v. First Nat'l Bank, 158 Ky. 505; Dotson v. Norman, 159 Ky. 786; Weddington v. Weddington, 169 Ky. 339.

Tested by either of the rules stated, it is our conclusion that the judgment should not be disturbed. Wherefore, it is affirmed.