## Meeke, et al. v. Ward.

(Decided April 24, 1919.)

### Appeal from Johnson Circuit Court.

Appeal and Error—Finding of Chancellor—Rule in Equitable Actions.—In an action at law, in which a trial by jury is waived and the issues of fact as well as the law of the case are determined by the circuit court, its findings of fact will, on appeal, be given the same legal effect that would be accorded the verdict of a properly instructed jury. But in an action in equity, in which an appeal is taken from the judgment of the circuit court, a different rule will obtain; which is, that though the Court of Appeals will weigh the evidence for itself, it will not disturb the judgment unless it is found to be unsupported by the weight of the evidence; and if left in doubt from its examination of the evidence whether it supports the judgment, it will in such state of case affirm the judgment.

WHEELER & WHEELER for appellants.

W. J. WARD and VAUGHAN & HOWES for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellee, W. J. Ward, claiming to be the owner of the coal and other mineral rights in and under a twenty acre tract of land lying on Greasy creek, in Johnson county, brought this action in equity against the appellants, J. N. Meeke and W. B. Richmond, seeking the recovery of damages for certain alleged acts of trespass committed by the latter in mining and appropriating coal from the land in question. The prayer of the peti-

tion asked that appellee be adjudged the owner of the coal and other mineral in and under the land, his title thereto declared superior to that of appellants and all others, and that he be awarded damages against appellants for the value of the coal mined and appropriated by them from the land.

The answer of appellants denied appellee's title to the coal or other minerals in the land; alleged title thereto in themselves and their right to mine and appropriate such coal as they may have removed from the land, and denied that they had taken therefrom the quantity of coal alleged in the petition, or that it was of the value claimed therein by way of damages. Whether the action be one of equitable cognizance or should have been brought at law, we need not determine, as no objection was made by appellants to its remaining on the equity docket and the proof was all taken in the form of depositions. Furthermore, following the completion of the issues and the taking of proof, the cause, without objection from appellants, was submitted to the court upon such equitable and legal issues as affected the question of title involved; and the court, by the judgment rendered, declared appellee the owner, by a superior legal title, of the coal and other mineral rights in and under the land described in the petition and directed that he be given the immediate possession thereof. From that judgment the defeated litigants have appealed.

By further order, to which no objection was made by any of the parties, the cause was transferred to the law docket for a trial by jury of the issues of fact respecting appellee's claim to damages for the taking of the coal from the land by appellants. The record before us does not show that there has been a trial of that matter, but we infer that such trial has not taken place and will be postponed until the question of title involved is passed on by this court, on the present appeal.

We find from the pleadings and evidence that appellee claims title to the coal and other mineral rights in question by its purchase by him in 1903 of one Zeph Meeke, the former owner thereof, and of the land as well, and by virtue of a deed claimed to have been executed to him by the latter and wife then or shortly thereafter. On the other hand, it is contended by appellants that the purchase of the coal and other mineral rights thus claimed by appellee to have been made of Zeph

Meeke, was in fact made by his father, W. J. Ward, and that the deed from the grantors was executed to the father; that the latter subsequently sold and by deed conveyed the same coal and other mineral rights to his son-in-law and appellee's brother-in-law, McClelland Preston, who thereafter sold and by deed conveyed them to the appellant, J. N. Meeke, thereby investing him as claimed with a valid and superior title to the mineral rights in controversy.

We have been unable to ascertain from the record the precise nature of the title or interest claimed by the appellant, W. B. Richmond, in the property, but find that by an amended petition he and his wife were made defendants to the action upon the ground that they were asserting some sort of claim to the property but whether by purchase or under a lease from J. N. Meeke does not fully appear. Later, however, the action was, on appellee's motion, dismissed as to Mrs. Richmond.

It is admitted by the parties that none of the deeds mentioned was ever recorded and only the deed from Zeph Meeke and wife to W. J. Ward was introduced in evidence. It was produced by McClelland Preston in obedience to a rule issued against him by the court, at appellee's instance, requiring its production. It does not clearly appear from Preston's deposition how he obtained possession of the deed, but appellee testified that after its delivery to him by Zeph Meeke he left it with his father or some one with direction to have it recorded, which he supposed had been done until by an examination made in the clerk's office shortly before the institution of this action he learned that it had not been recorded. The deed claimed by appellants to have been made by W. J. Ward, appellee's father, to McClelland Preston and that made by the latter to the appellant, J. N. Meeke, were, according to the testimony of both Preston and Meeke, delivered to Meeke by the former, and Meeke further testified that both deeds were handed by him to John C. C. Mayo, and that although since the death of Mayo he had caused the latter's papers to be searched for the missing deeds, they were not found, and that the deeds were either lost by Mayo or later destroyed with all other papers belonging to Meeke in a fire by which his (Meeke's) house was consumed.

It will readily be seen from what has been said that the material question to be determined in this case is as

to the identity of the person named as grantee in the deed from Zeph Meeke and wife to W. J. Ward. If the present appellee is the W. J. Ward to whom that deed was executed, the judgment of the circuit court should be affirmed, but if his father was the W. J. Ward to whom the deed was executed it should be reversed. It does not appear from the evidence that the father was called or known as W. J. Ward, Sr., or that the son was called or known as W. J. Ward, Jr., and the evidence is wholly silent as to whether the father, in writing his name, used the word Sr. or that the son attached the word Jr. to his signature. The latter, however, testified with great positiveness that he purchased of Zeph Meeke at the agreed price of $200.00 the coal and other minerals on and under the land in question and paid the grantor $50.00 of the consideration at the time of making the purchase; that he thereafter paid the remainder of the consideration, $150.00, to Meeke and received from him the deed, but he was not clear in his recollection as to whether the father was the person to whom he gave the deed for the purpose of having it recorded. It was admitted by him that his father was present when he purchased the mineral rights of Zeph Meeke and that his father had offered Meeke $150.00 for same, but testified that this offer was refused by Meeke and that after a talk with his father he, in the presence of the latter, and with his consent, told Meeke that he would take the property at the price offered, namely, $200.00, which was accepted by Meeke and that this acceptance was followed by his payment of $50.00 of the agreed consideration. The deposition of Zeph Meeke was taken in the case and while it shows that he was an embarrassed witness, probably because of his near relationship to the appellant, J. N. Meeke, which was that of first cousin, his testimony as a whole is fairly corroborative in all essential particulars of that of appellee. It is true his recollection was uncertain as to whether the deferred payment of $150.00 he was to receive for the mineral rights sold, was paid or handed him by appellee or his father, but his recollection was distinct that the father had offered Meeke only $150.00 for the property and that he refused to accept that sum; that there was then a consultation between appellee and his father, immediately following which appellee, in the presence of his father, told the witness that he would take the property at his offer of $200.00, and

thereupon paid him $50.00 of that amount. The witness also testified that it was his understanding that the sale of the property was made to appellee.

The strongest evidence introduced to contradict the testimony of appellee was furnished by the deposition of his brother-in-law, McClelland Preston, with whom W. J. Ward, Sr., lived until his death, which occurred about seven or eight years before the institution of this action. The testimony of Preston was to the effect that W. J. Ward, Sr., was in possession of the deed executed by Zeph Meeke and wife until he delivered it to him shortly before his death, and that he claimed to be the grantee named in that deed and to own the mineral rights it conveyed all the time he was in possession of the deed; that he, Preston, purchased of W. J. Ward the mineral rights in the land, paying him therefor $200.00, and at the time of the purchase received of him a deed conveying him the same, which deed he thereafter delivered to the appellant, J. N. Meeke, when he sold and by deed conveyed the latter the same mineral rights. He further testified that at the time he purchased the mineral rights of W. J. Ward, Sr., appellee was present, that W. J. Ward, Sr., then repaid appellee the $50.00, which the latter had paid Zeph Meeke for the mineral rights, he, Meeke, sold and conveyed to W. J. Ward, Sr., and upon paying appellee the $50.00 told him he would convey him the mineral rights instead of Preston if he would pay to him, W. J. Ward, Sr., the $150.00 which he had in person paid Zeph Meeke; that appellee thereupon declined to pay his father the $150.00 demanded or to accept a conveyance of the mineral rights to him from his father upon the terms proposed.

The testimony of McClelland Preston as to what occurred between appellee and his father at the time of the alleged sale by the latter of the mineral rights in the Zeph Meeke land to Preston, was specifically denied and contradicted by appellee in his second deposition.

In addition to the evidence in appellants' behalf mentioned, the appellants, J. N. Meeke, W. B. Richmond, and one McKinney, testified as to the mining at intervals of coal on the Zeph Meeke land after the alleged purchase of the property by J. N. Meeke of Preston, that appellee knew, or, by reason of his residence near the land, must have known of these mining operations and yet made no objection to same. Such knowledge was,

however, denied by appellee, who in making the denials testified in substance that though he knew J. N. Meeke was mining coal on lands adjoining the Zeph Meeke land, he did not know of his having an entry on the Zeph Meeke land or his removing coal therefrom.

We have rarely known a case in which the evidence was as conflicting as that found in the record of the instant case. All the persons testifying were more or less interested, except McKinney and Zeph Meeke, and the latter was, as already stated, closely related to one of the parties. Indeed, the situation is such as to make it difficult to reach a decision on the facts that would be entirely free of doubt, for which reason we are unwilling to declare the conclusion reached by the chancellor an erroneous one, as his acquaintance with the witnesses and familiarity with the facts and circumstances brought out by the evidence made it possible for him to arrive more nearly at the truth of the matters in controversy than could another or others from a mere reading of the record containing the evidence. In such state of case the rule is that the appellate court will accept the judgment of the chancellor.

As recently said by us, in Hollingsworth v. Avey, 182 Ky. 334: ''In an action at law tried by the circuit court, its findings of fact will be given the legal effect accorded the verdict of a properly instructed jury. In an action in equity, while the circuit court's findings of fact will not, on appeal, be treated as the verdict of a properly instructed jury, they will be entitled to some weight, and though the Court of Appeals will and does examine and weigh the evidence for itself, it will not disturb the judgment unless it is found to be unsupported by the weight of the evidence, and if left in doubt, from its examination of the evidence, whether it supports the judgment, it will in such state of case affirm the judgment. Fields v. Couch, 169 Ky. 554; Herzog v. Gilson, 170 Ky. 325; Jolly's Admr. v. First Natl. Bank, 158 Ky. 505; Dotson v. Norman, 159 Ky. 786; Weddington v. Weddington, 169 Ky. 339.''

As the appellant, J. N. Meeke, at the time of his alleged purchase from Preston of the coal and other mineral rights on the Zeph Meeke land, knew of the existence of the deed under which appellee claims the same coal and other mineral rights, he must, in view of the finding of the court below that appellee is the grantee named there-

in, be regarded as having knowledge of that fact when he accepted the deed made him by Preston.

Appellant's plea of the statute of limitations was properly held by the circuit court to constitute no defense to appellee's claim to title, as their possession of the land was not so actual, adverse or continuous as to cover a period of fifteen years. For the reasons indicated the judgment is affirmed.