### Choate v. Farrar Lumber Company.

(Decided October 12, 1920.)

Appeal from Harlan Circuit Court.

1. Depositions—Exceptions.—An exception to the deposition of a witness, on account of anything, except the competency of the witness or the relevancy of his testimony, will be disregarded, unless the exception is filed and noted of record at the first term of the court after the deposition is filed.

2. Appeal and Error—Finding of Chancellor.—Where an action purely at law is brought and prosecuted as an equitable action, the decision of the judge upon the issues of fact will be given the same weight upon appeal, as the verdict of a properly instructed jury, in an action at law.

CLAY & CARTER for appellant.

F. F. ACREE for appellee.

Opinion of the Court by Judge Hurt—Affirming.

The appellant, William W. Choate, who was engaged, at the time, he alleges, that he entered into the contract sued upon, in the business of erecting houses, under contracts and selling materials for houses, brought this action, upon the equity side of the docket, against the appellee, Farrar Lumber Company, which was a partnership, engaged in the business, of the manufacture and sale of lumber and materials for houses, in the state of Georgia. The appellant alleges that he made and entered into a contract with the appellee, by which it was agreed between them, that appellant would solicit sales for the products of appellee, in Harlan county, Kentucky, and as compensation for his services, that it would pay to him a commission of five per centum upon the sum to which all sales made by him for it would amount to, and that there should be included in the sales for which he was to be paid, not only those made wholly by him, but all sales, for which he was the procuring cause, by directing the attention of purchasers to the products of appellee and bringing the purchasers and appellee together, although thereafter the contract for the sale should be completed by a member of the appellee company. Under this alleged contract, he claimed that he was the procuring cause of the sale by the appellee to the United States Coal & Coke Company of products in the sum of $35,000.00, and to the Wisconsin Steel Company, a sale amounting to the sum of $5,000.00, and for which, he claimed, that the appellee owed to him the sum of $2,000.00, and refused to pay any part of it. The appellee denied that it had made any such contract with appellant, or that he had procured or caused the sales to be made, and in addition thereto set up a setoff, in the sum of $1,017.00, which it claimed that appellant owed it for lumber and materials for building, which it had sold to him and for which he had never paid.

The evidence was taken by way of depositions upon both sides, and the cause submitted to and decided by the presiding judge of the Harlan circuit court, who adjudged that appellant had failed to manifest his right to relief and that his petition be dismissed, and upon the counterclaim of appellee, adjudged that it recover the sum claimed against appellant.

From the judgment the appellant has appealed and assigns two grounds for the reversal of the judgment,

wherein he insists that the trial court erred to the prejudice of his substantial rights.

The errors assigned are that (1) the court erred in overruling the exceptions to and failing to suppress the deposition of H. B. Farrar, one of the members of the appellee company; (2) the judgment was flagrantly against the weight of the evidence.

(a) The appellant had given notice, that on December 16, 1918, he would take depositions to be read in his behalf upon the trial of the action and H. B. Farrar attended and before or during the taking of the deposition of the appellant in his own behalf, he caused a notice to be given to Farrar to produce for the purpose of being used as evidence certain letters and telegrams, which the appellee had received from him, but, which appellant stated, Farrar declined to produce, at that time. When the attorneys for appellant had concluded his, direct examination, and before the attorneys for appellee commenced a cross-examination of him, his attorneys called Farrar to be examined as upon cross-examination, which under the advice of his attorneys he declined to do until the cross-examination of appellant had been made, stating that he would then submit to an examination. On the following day, when appellant had been cross-examined, Farrar, then offered to submit to examination as a witness, if it was desired, but, the appellant then failed to examine him. On the following day, Farrar testified in his own behalf and upon the examination at the request of his attorneys, produced and filed the letters and telegrams which appellant had requested. On the 30th of December, following, the deposition of Farrar was filed, and at the May term of the court thereafter, the exception to his deposition was filed, and of the overruling of which the appellant complains. This claim of error on the part of the court is concluded by section 187, Civil Code, which provides, that an exception to a deposition of a witness other than on account of the competency of the witness or the relevancy of his testimony, shall not be regarded, unless the exception is filed and noted on the record before the commencement of the trial and "before or during the first term of the court after the filing of the deposition."

(b) This action, although purely one at law, and having no feature, which entitled it to be brought or prosecuted as an equitable action, was brought and prosecuted as an action in equity by the appellant, but this did not change the character of the decision upon the

merits and must be regarded as if the appellant agreed to a trial of it, without the intervention of a jury, and the submission of the law and facts of the case for decision to the judge of the court, and in such a state of case, the same weight upon appeal must be given to the decision of the judge as is accorded to the verdict of a properly instructed jury, in a trial at law. Inter-Southern Life Ins. Co. v. Cooke, 183 Ky. 116; Jolley's Admr. v. First National Bank, 158 Ky. 505; Morawick v. Martineck's Guardian, 128 Ky. 158; Hill v. Phillips, 87 Ky. 169; Fraley v. Peters, 12 Bush 469; Pittsburgh, Cincinnati & St. Louis R. R. Co. v. Wooley, 12 Bush 451. The verdict of a jury, upon a legal issue, will not be disturbed upon appeal unless it is flagrantly against the evidence. Two issues of fact were determined in this action, both of which it was necessary to decide in favor of the appellant to entitle him to recover. The one was that a contract existed between the parties, as claimed by appellant. The other was that under the contract the appellant was the procuring cause of the sales. The first, the court determined in favor of the appellant, but the latter was determined adversely to him, and it is agreed, that he did not have the exclusive right under the contract to make sales of the products of appellee in Harlan county. It would be of no benefit to any one to recite the facts in evidence, from which the court arrived at its conclusion, but, from an examination of the evidence, it is readily apparent, that the decision of the court was not palpably or flagrantly against the evidence, but rather in accordance with the weight of it.

The judgment is therefore affirmed.