### Charles, et al. v. Charles.

(Decided May 15, 1923.)

#### Appeal from Pike Circuit Court.

1. Partnership—Doubts in Accounting Resolved Against Partner Intrusted with Keeping of Accounts.—A partner intrusted with the duty of keeping the accounts of the partnership must show fidelity to his trust, and, if, by reason of inexperience or want of skill, the accounts are kept in a confused condition any doubt as to the validity of the credits claimed by him should be resolved against him in an accounting.

2. Partnership—Judgment Warranted Against Wife of Partner as Well as Against Partner for Sums Due Copartner.—Where the partner intrusted with keeping the partnership funds and accounts

deposited the funds in his wife's checking account, and more of the partnership funds had been deposited therein than the amount found due the other partner, it was proper to render a judgment for the other partner against the wife, as well as against the partner who made the deposit.

3. Partnership—Evidence Held to Sustain Chancellor's Finding in Partnership Accounting.—In a suit for accounting of a partnership, where defendant had been intrusted with the partnership accounts which were kept in such manner as to be unintelligible, evidence held to sustain a judgment awarding plaintiff partner the amount paid out of his individual means for the firm, but not allowing him his claim for services.

4. Appeal and Error—Doubts as to Whether Evidence Supports Judgment Resolved in Favor of Chancellor's Finding.—Though the appellate court will examine and weigh the evidence for itself in an action in equity, some weight will be given to the circuit court's findings of fact, and the judgment will be affirmed if doubt arises as to whether the evidence supports the judgment.

O. A. STUMP and R. H. COOPER for appellants.

STRATTON & STEPHENSON for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action was one in equity brought by the appellee, Mont Charles, against the appellants, J. A. Charles and Rebecca Charles, his wife, for the settlement of a small partnership and to obtain an accounting by and recovery against the latter of his share of certain partnership property, funds and profits, alleged to have been wrongfully and with the intent to defraud the appellee converted by J. A. Charles, a member of the partnership, in part, to his individual use and, in part, to the use of his wife, Rebecca Charles; it being further alleged that she knowingly and fraudulently aided him in the conversion to her use of such part of the partnership property, profits and funds as were received and appropriated by her.

It appears from the pleadings that J. A. Charles and Mont Charles are brothers and that the partnership into which they entered was formed by oral agreement; and while it does not appear how long it was to continue, it began in the fall of 1919 and continued until the spring of 1921, though actual operation of the sawmill seems to have ceased several months previously on account of the explosion of its boiler, which was never repaired, or replaced by another. The business of the partnership was

that of converting timber into logs, sawing them into lumber and crossties and selling same on the market. In addition to the timber acquired and used in its business, the property of the partnership consisted of a small sawmill, wagons and stock for the hauling of logs and lumber, and such implements and tools as were required in the conduct of the partnership work and business. The firm's place of business was at its sawmill, which was situated on Pond creek in Pike county near the timber to be converted into lumber and ties.

By the terms of the partnership the partners were to share equally the expenses and profits of the partnership business; the appellee, Mont Charles, agreeing to conduct the work of converting the timber in the woods into logs and getting them to the sawmill and the appellant, J. A. Charles, to conduct the sawmill, saw into lumber and crossties the logs brought to it, sell same, receive the proceeds, pay all expenses of the partnership out of such proceeds, keep an accurate account of all moneys received and paid out for the partnership, and account to the appellee for what might be due him from the partnership profits, property or funds.

After the explosion of the sawmill boiler and subsequent final suspension of the business of the partnership, an action was brought against it and its members by a creditor to recover a debt due him for timber he had sold it; and that action, together with the refusal of the appellant to settle the business of the partnership or render an accounting thereof to the appellee, his co-partner, seems to have precipitated the bringing of this action by the latter. The answer of the appellant traversed the averments of the appellee's petition and, without making any satisfactory showing of his management of the affairs of the partnership, or an accounting regarding same, attempted by way of counterclaim, which failed to state a cause of action, to set up a demand against the appellee for damages, alleged to have been caused him by the acts of the latter in withdrawing from the partnership and bringing the action for the settlement of same.

Rebecca Charles, wife of the appellant, J. A. Charles, who was made a defendant to the action by an amended petition, by separate answer and counterclaim denied that her husband, with or without her assistance, fraudulently or otherwise, converted any of the assets of the partnership conducted by the appellee and himself to

her use, and alleged that at the time of the formation of the partnership she owned in her own right and had on deposit to her credit in the People's Bank of Pikeville $1,900.00 in money, realized in part from the sale of a house and lot in West Virginia of which she was the sole owner, and earned in part through her individual labor; and that her husband, the appellant, J. A. Charles, without her knowledge or consent, checked out of the bank and used in the business and for the benefit of the partnership of which he and the appellee were the members, $1,100.00 of this deposit of money. The answer admits, however, that $1,076.00 of her money thus checked upon and used by her husband for the partnership was repaid by him with funds of the partnership deposited from time to time to her credit in the bank named; leaving, as alleged, unpaid and due her from the partnership $24.00, for which, by way of counterclaim, she prayed judgment against it and its members.

It appears from the record that at the time of the institution of the action the property of the partnership, upon the application of the plaintiff (appellee), was by an order of the circuit court placed in the hands of a receiver with direction to sell the whole of it. This duty was performed by the receiver, but only $150.00 was realized from its sale and $136.38 of this amount was consumed by the compensation allowed the receiver and other necessary costs attending the sale.

After the completion of such issues as were made by the pleadings of the parties, the court by a further order referred the cause to the master commissioner to ascertain the assets and liabilities of the partnership, make a settlement of its business and affairs, both in respect to its creditors and as between the partners, and report to the court his performance of the duties thus required of him. The report of the master commissioner, which appears in the record, allowed as against the partnership the claim of a single creditor amounting to $38.44, but failed to report whether there were other liabilities and made no report whatever of assets; what moneys were received or paid out by the partnership in the course of its business; whether there were any profits realized, or money withdrawn by either partner from the partnership business. Although quite a lot of proof was taken the report also fails to show, except as claimed by them, respectively, what amount of money was put into the business of the partnership by either partner, what

amount, if any, was owing by either partner to the partnership, by the partnership to either partner, or by either partner to the other growing out of the partnership. After reciting the difficulties encountered by the commissioner in his investigation of the affairs of the partnership in question and confessing his inability to make his findings of law and fact more definite, the report closes with the following statement.

"The commissioner is of the opinion . . . that each (partner) put the same amount into the partnership over and above the assets received therefrom; and that neither is entitled to recover anything herein, and each should pay his own cost."

Exceptions were filed by the appellee to the commissioner's report as a whole and each item of finding contained therein except the claim of $38.44 it allowed a creditor of the partnership for labor he performed for it; and after the submission of the cause upon the exceptions and for a final determination of the rights of the parties, the circuit court sustained all of the appellee's exceptions to the commissioner's report, allowed the creditor's claim of $38.44, held that upon a fair settlement of the partnership, as between the partners, the appellee was entitled to recover of the appellants the sum of $693.35, with interest from February 12, 1920, and the costs of the action, including a fee of $100.00 to his attorneys for professional services rendered therein. The appellants' complaint of the judgment entered in purusance of the foregoing conclusions of the court, resulted in their prosecution of the present appeal.

It appears from the record that the appellee is so illiterate that he can neither read nor write, and that though the appellant, J. A. Charles, can both read and write his penmanship is so deficient and writing so nearly unreadable as to render it unintelligible. For these reasons such accounts relating to the partnership business as he seems to have attempted to keep, confuse instead of enlighten the mind in an endeavor to understand them. In view of the condition of the accounts and the contradictory and indefinite character of the evidence furnished by the witnesses whose depositions are found in the record, we are not surprised that the master commissioner was unable to obtain any definite information to adopt as a basis for the settlement of the partnership, or that the chancellor in his attempt to adjust the rights of the parties could do no more than approximately mete

out justice by resting his judgment upon such meagre facts as were obtainable from the depositions appearing in the record and the equities arising out of the conduct of the partners with respect to the affairs of the partnership and their dealings with each other.

It is admitted that the appellee and the appellant, J. A. Charles, were equal partners and that the latter was entrusted with and had the complete management of the partnership, operated its sawmill, made all sales of its lumber and ties, collected and paid out all moneys received and expended in the conduct of its business, and kept the unintelligible accounts of the partnership transactions introduced in evidence. And as it is patent from his own admissions and other evidence contained in the record that his failure properly to perform the duties mentioned, particularly in respect to the keeping of the partnership accounts, caused the confusion into which its business fell and, likewise, its subsequent suspension, it is obvious that in the matter of adjusting as between the appellee and himself, in an action for a settlement of the partnership, such loss as may have been sustained by either of them through the acts of the other, or liability incurred by either to the other, growing out of their relationship as partners, his position was not such as to require the court to resolve any question, as to which there was doubt, in his favor, or allow him the benefit of any equity to which he was not clearly entitled.

As a matter of law a partner charged with the duty of keeping the accounts of the partnership must show fidelity to his trust; and if by reason of inexperience or want of skill he is unfitted to keep the accounts correctly, it is his duty to advise the other members of the partnership of that fact and cause the accounts to be properly kept by another competent to perform the work. It is also a rule of law that where one partner is responsible for the confused condition of the partnership accounts kept by him, doubt as to the validity of credits claimed by him should be resolved against him in an accounting. Kirwian v. Henry, 16 S. W. 828. The law with respect to the fidelity required of the members of a partnership is well stated in Rankin v. Kelly, 163 Ky. 463, as follows:

"There is no relation of trust or confidence known to the law that requires of the parties a higher degree of good faith than that of partnership. This obligation of partners to exercise the utmost good faith towards each other applies not only during the life of the partner-

ship, but extends to their settlements and dealings while negotiating for the formation of the partnership, as well as for the purchase or sale of a partner's share in the business.''

While nothing of the business of the partnership can be learned from the accounts claimed to have been kept by the appellant, J. A. Charles, and the conflicting statements of the witnesses appearing in the record render much of their testimony unsatisfactory, some of it, particularly that of Parker, the firm's sawyer, conduces to prove that during its existence a profit of $2,264.22 was realized by the partnership from the sale of lumber and ties produced by its sawmill, all of which was received by the appellant, J. A. Charles, who kept no bank account in the name of the partnership, but according to the evidence carried its funds upon his person or deposited them in bank in the name and to the credit of his wife; and while he claimed to have put into the partnership $1,750.00, no evidence save that furnished by his own testimony was introduced to support this claim. He also claimed, without showing what he did with the money he received for the partnership, to have expended for it in the conduct of its business various sums amounting, altogether, approximately to $2,000.00, but this is supported by his testimony alone, the only corroboration of which attempted to be shown were certain checks drawn by him upon the bank account he kept in the name of his wife, amounting in the aggregate to $761.95. In brief his testimony wholly fails to show what part, if any, of the sums he admittedly received for the partnership in the conduct of its business was expended by him on its account.

If it should be conceded that the wife of the appellant, J. A. Charles, was entitled to $1,100.00 of the firm's money which he deposited in bank to her credit in repayment of her money used in its business, as there was evidence tending to prove that a much larger amount of its money than the $1,100.00, and substantially all of the partnership's money received by J. A. Charles also went to her credit in the bank, it is not perceived that the court did her any injustice in adjudging the appellee a recovery against her as well as her husband for the amount found to be due him.

There was evidence conducing to prove that the appellee, Mont Charles, never received any money or other thing of value from the partnership, but that in

addition to his labor in getting out timber for it, delivering same at the sawmill, and furnishing one of the wagons and a team for that purpose, all reasonably worth $770.00, and no part of which was ever paid him, he admittedly paid out of his individual means for the partnership in the prosecution of that part of its work assigned him, for the hire of laborers, wagons and teams and in other necessary expenses, $593.48, and also $100.00 in the necessary purchase of a mule for the partnership, the two sums aggregating $693.48, the amount for which he was awarded judgment. In thus determining the rights of the parties the court not only rejected the appellee's claim of $770.00 for labor performed by him for the partnership as above stated, but also a further claim made by him against the appellant, J. A. Charles, alone for one-half of the value of certain property of the partnership, consisting of implements, tools and the like, wrongfully appropriated and converted by him to his own use and which the court doubtless assumed would offset and liquidate whatever amount of his own he had actually put into the partnership.

While we are not able to ascertain from the language of the judgment the precise basis adopted by the chancellor for determining the rights of the parties, owing to the confusion apparent in the accounts of the appellant, J. A. Charles, as manager of the partnership, his evident mismanagement of its affairs and the conflicting character of the evidence, we are not prepared to say from the record presented that the judgment should be disturbed. It is a well recognized rule in this jurisdiction that in an action in equity the circuit court's findings of fact will, on appeal, be given some weight by the appellate court; and though that court will examine and weigh the evidence for itself, it will not disturb the judgment unless it is found to be unsupported by the weight of the evidence, and if doubt arises as to whether it supports the judgment, it will in that event affirm the judgment. Groves, etc. v. Bryant's Extrx., 186 Ky. 104; Meek v. Ward, 184 Ky. 30; Hollingsworth v. Alvey, 182 Ky. 334; Fields v. Couch, 169 Ky. 544; Herzog v. Gipson, 170 Ky. 325.

Judgment affirmed.