## Eureka Coal & Mining Company v. Lemon.

(Decided February 9, 1926.)

### Appeal from Floyd Circuit Court.

1. Contracts—Second Contract Held Not to Deprive Plaintiff of Balance Due for Work Performed Under Former Contract.—Contract whereby construction contractor released a part of agreed work to owner and agreed to continue with other work only relieved contractor of obligation to complete work required by first contract, and did not deprive him of balance due for work actually performed under original contract.

2. Contracts—Finding for Plaintiff for Work Performed Under Contract Held Not Flagrantly Against Evidence as to Amount Due.— In suit by contractor for balance due for work performed under contract for construction of a conveyor, finding for plaintiff held not flagrantly against evidence as to amount due.

3. Appeal and Error—Finding of Court Without Intervention of Jury Not Disturbed Unless Flagrantly Against Evidence.—Where an ordinary action is submitted to the court without intervention of a jury, his finding is equivalent to a verdict, and will not be disturbed unless flagrantly against evidence.

4. Contracts—Rejection of Defendant's Counterclaim Held Not Flagrantly Against Evidence.—In suit by contractor for balance due, where evidence was conflicting as to whether delay in performance was due to fault of plaintiff or defendant, and defendant itself took over the work within a week after execution of modi-

fying contract, held, that rejection of its counterclaim for delay was not flagrantly against evidence.

MAY, ALLEN & MAYO for appellant.

PICKLESIMER & STEELE and B. M. JAMES for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On May 21, 1920, Jim Lemon and the Eureka Coal and Mining Company entered into a contract by which Lemon agreed to do the labor on the foundations necessary for the construction of a conveyor across the Big Sandy river, and the company agreed to pay him $9.00 per cubic yard for concrete work, $10.00 for masonry, and $1.15 per cubic yard for dirt excavation. After doing considerable work under this contract, the parties on August 30, 1920, entered into the following contract:

"Now, it is desired by both contracting parties to change the terms of said contract, or supersede same with the following agreement: The said Jim Lemon hereby releases unto the Eureka Coal and Mining Company all the concrete and excavation work mentioned in the former contract, and agrees to continue with the stone work on piers and pit mentioned in said contract, at the price mentioned therein; to do said work in workmanlike way and to diligently prosecute said work to early completion."

Shortly thereafter the company took over the stone work and itself completed the undertaking.

Lemon brought this suit against the company to recover for work done and not paid for, and for damages for breach of the contract. The company filed an answer and counterclaim denying the allegations of the petition and asking damages in the sum of $8,000.00 for Lemon's delay in carrying out the contract. The case was submitted to the court without the intervention of a jury, and judgment rendered in favor of Lemon for $1,500.00. The company appeals.

The contention that the second contract operated as a settlement or accord and satisfaction of all claims arising under the first contract can not be sustained. Its only effect was to relieve Lemon of the obligation to complete the concrete and excavation work required by the former contract, and did not have the effect of depriving him of any balance due for work actually performed under that contract.

Appellant insists that the deposition of its book-keeper shows that the only balance due under the contract is $284.63, and this without taking into consideration the damages sustained by reason of the breach of the contract. It is the settled rule that, where an ordinary action is submitted to the court without the intervention of a jury, his finding is equivalent to the verdict of a properly instructed jury and will not be disturbed unless flagrantly against the evidence. Bell v. Wood, 87 Ky. 56; Stull v. United States Health & Accident Insurance Company, 115 S. W. 234; Jolly's Admr. v. First National Bank of Iowa City, 158 Ky. 505, 165 S. W. 677. The evidence is confusing and difficult to understand. As appellee was engaged in the performance of other work for the company, and the accounts include that work as well as the work performed under the contract, and are based on reports made to the bookkeeper, and, at least in one instance, on a check which was not delivered to appellee, but to another, the books can not be regarded as conclusive. However, the bookkeeper admits a balance of $284.63. In addition to this the company's engineer testified that there was an unreported yardage for which appellee had not been paid amounting to the sum of $654.50. There was further evidence that appellee had quarried about 150 cubic yards of stone at a reasonable cost of $4.00 per cubic yard. Appellee also testified that he put in 43 cubic yards of concrete amounting to $387.00, and that no part of this had been paid. Even if the item of $387.00 be excluded on the ground that it is included in the estimate made by the engineer, there was evidence justifying the allowance of the items of $284.63, $654.50 and $600.00, aggregating $1,539.13, and it can not be said that a finding of $1,500.00 in appellee's favor is flagrantly against the evidence.

The same condition exists with respect to appellant's counterclaim for damages. Not only was the evidence conflicting as to whether the delay in performance was due to the fault of appellee or of appellant, but as the company itself took over the work within a week after the execution of the second contract, it can not be said that the rejection of the counterclaim was flagrantly against the evidence, even if it be assumed without deciding that the damages sought to be recovered were within the reasonable contemplation of the parties.

Judgment affirmed.