# Home Insurance Company of New York v. Stroud et al.

(Decided May 31, 1932.)

GORDON, LAURENT & OGDEN, T. M. GALPHIN, JR., and JOE H. MILLER for appellant.

H. A. BIRKHEAD, GLOVER H. CARY and CARY, MILLER & KIRK for appellee Stroud.

D. O. MYATT and E. R. JOHNSON for other appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

C. C. Stroud sued the Home Insurance Company of New York to recover upon a fire insurance policy. The petition alleged that the contract covered a barn and

sheds attached for the sum of $1,800, grain and seeds of all kinds for the sum of $250, harness, saddles, robes and other personal property including hayracks and farm vehicles in the sum of $100, and hay, straw, fodder and manufactured stock foods for the sum of $250, making a total insurance coverage of $2,400. It was alleged that the insured property was totally destroyed by fire, and recovery was sought for the full amount of the insurance.

The defendant relied upon an alleged breach of two provisions of the policy to defeat the action. The first was that plaintiff had other insurance on the same property without the consent of the defendant, and that the insured had made false and fraudulent statements in the application for the policy and in his proof of loss. The policy contained a provision to the effect,

> "that if the assured, without written consent hereon, has now, or shall hereafter procure any other contract of insurance, whether valid or not, on any of said property, this policy shall be null and void."

It contained another clause to the effect that any false statements made in the application, or otherwise, should invalidate the insurance. The plaintiff denied that there was other insurance on any of the property. A printed provision of the policy to the effect that hay and grain wherever located was covered, was sought to be avoided by showing that a mistake was made in failing to incorporate the distinct understanding of the parties that each policy was to be limited to a particular barn and its contents, and that the printed provision was not effective. There was a denial of any false statements in the application or in the proof of loss. The company claimed that the statement in both places that there was no other insurance on the property was false and fraudulent. Attached to the application was a statement to the effect that any loss under the policy should be payable to the Central Trust Company, of Owensboro, Ky., mortgagee. As a matter of fact the mortgage had been given to the Southern Trust Company, of Louisville, Ky., and the mistake was not discovered until after the suit was filed. The company cannot seriously contend that it was improper to correct that error. It was uncontradicted that the error was made, and it was wholly immaterial to the insurance company which trust

company held the mortgage. Solez v. Insurance Co. (C. C. A.) 54 F. (2d) 523.

The case was transferred to equity and tried by the court without the intervention of a jury. The court rendered a judgment in favor of the plaintiff for the full amount claimed in the petition. The defendant then entered a motion to set aside the judgment and to permit it to file an amended answer to conform the damage to the amount stated in the proof of loss. The amended answer tendered set up that the proof of loss had claimed only $2,290 damages. The court overruled the motion to set aside the judgment. The insurance company has prosecuted an appeal. The questions argued are: First, whether the covenant or condition against other concurrent insurance, without the consent of the insurance company, was violated; second, whether the court properly reformed the policy in certain respects on the ground of mutual mistake; third, whether the plaintiff made any false and fraudulent statements in his application or in his proof of loss; and, fourth, whether the court abused its discretion in refusing to set aside the judgment for the purpose of permitting defendant to file an amended answer.

1. The covenant or condition which avoided the policy if other insurance existed or was obtained on any of the insured property was not violated if the other policies referred to covered different property. Stroud had a farm of 462 acres with numerous barns and buildings thereon. The descriptions given in the applications and in the policies were ambiguous. The diagrams were different, and failed to disclose with exactness the identity of the insured property. The identy of the property insured, however, was subject to proof. The appellant claims that the property insured by it was also insured by the Continental Insurance Company, and by the McLean County Cooperative Insurance Company. The two representatives of the Continental Insurance Company who inspected the property testified that they intended to insure the same barn that was covered by the Home policy and that after the fire Stroud advised the Continental agent that his company carried that risk. There was other evidence tending to sustain the contention of the agents.

On the other hand, Stroud testified that the insurance in the two companies covered two separate barns.

The application showed, and it was known, that he had a number of barns, and he was seeking to protect all of them by insurance. It would have been the height of absurdity, for Stroud to insure one of the barns beyond its value, and leave another equally valuable barn entirely unprotected. Both parties relied upon minor circumstances to corroborate their respective contentions, and a sharp conflict in the evidence was developed. It all hinges upon the identity of the property insured by the two policies. There was evidence to support both theories. The finding of the court upon that point must be treated as the verdict of a properly instructed jury, and will not be reversed when it was not flagrantly against the evidence. Hollingsworth v. Avey, 182 Ky. 334, 206 S. W. 493; Inter-Southern Life Ins. Co. v. Cooke, 183 S. W. 109, 209 S. W. 45.

2. The Home policy and the Continental policy each contained printed provisions covering grain, seeds, hay, and other personalty "on the premises described," without expressly confining the coverage to any particular building. The provision was relied upon by the appellant as constituting double insurance on the same material. The evidence tended to show that Stroud was endeavoring to have complete coverage of his several barns, but he patronized different insurance companies. He pleaded, and his proof sustained the pleading, that it was understood and agreed that the Continental policy was to be limited to the barn and its contents, and was not to cover any of the personal property covered by the Home policy. If that was so, there was no double insurance on the property insured by the Home. The rule applied here in reviewing a decree in equity is that the court will weigh the evidence for itself, but will not disturb a finding that is fairly supported by the weight of the evidence. If an examination of the evidence leaves the court in doubt whether the weight of it is upon the one or the other side, the doubt is resolved in favor of upholding the judgment of the chancellor. Fields v. Couch, 169 Ky. 554, 184 S. W. 894; Choate v. Farrar Lumber Co., 189 Ky. 271, 224 S. W. 1045; Jolly v. First National Bank, 158 Ky. 505, 165 S. W. 677; Insurance Co. of North America v. Evans, 229 Ky. 613, 17 S. W. (2d) 711; Hollingsworth v. Avey, 182 Ky. 334, 206 S. W. 493.

Considering the positive testimony in the light of the purpose of the parties and the probabilities of the case,

it cannot be said that the circuit court erred in the conclusions reached.

It is the established rule in such a situation that such a finding will not be disturbed. Hagan v. Hurst, 228 Ky. 645, 15 S. W. (2d) 446; Thompson v. Emmert, 242 Ky. 415, 46 S. W. (2d) 503.

3. The further question concerning alleged false statements in the application and in the proof of loss depended upon the primary question as to the identity of the property insured. The trial court found from the evidence that no false statement was made by the assured. We accept that finding since it was fully supported by the evidence for the plaintiff. Moreover, it is not every misstatement that will invalidate such a contract. In order to invalidate an insurance policy on the ground of false and fraudulent statements in the application, or proof of loss, it is necessary to show that a false statement was intentionally made for the purpose of deceiving or defrauding the insurance company. Globe & Rutgers Fire Insurance Co. v. Frankfort Distillery, 226 Ky. 706, 11 S. W. (2d) 968; Security Ins. Co. v. Rosenberg, 227 Ky. 314, 12 S. W. (2d) 688. Accepting the evidence for the plaintiff as true, no false or fraudulent statements were made in the application or in the proof of loss. When the court found that the Continental policy did not cover the property insured by the appellant, the whole structure of the defense collapsed. The several defenses relied upon were dependent upon that primary postulate, and when the proof failed to establish it, all the theories built upon it fell to the ground. The mere mistake of the insured in first notifying the wrong company, if he did so, was not fatal to his rights.

4. The defense of the insurance company was rested upon the alleged breach of conditions contained in the policy, and no other issue was tendered by the answer. After the judgment was rendered the defendant sought to have it set aside to permit an issue to be raised respecting the precise amount of the loss. The proof of loss appears in the record, and it fixed the net loss at $2,290, although it showed a total loss of a larger value. The net amount was arrived at by applying the three-fourths value clause of the policy to the loss on the smaller items of personal property insured. Since no issue had been raised on that point, the court did not err in rendering the judgment for the amount claimed in

the petition and admitted by the answer by failure to deny the averments of loss. No pleading relied upon the three-fourths value clause, or sought its application to the facts developed. If that issue had been tendered, other facts might have been developed.

The court did not abuse a sound discretion in declining to reopen the case after judgment to permit the introduction of new issues or further evidence. See Civil Code of Practice, sec. 134, and cases cited in notes; Louisville & N. R. Co. v. Jolly, 232 Ky. 722, 23 S. W. (2d) 564, and cases there cited; Bannon v. Watson, 207 Ky. 23, 268 S. W. 573.

The judgment is affirmed.