## Lebanon Lumber Co. v. Clarke, et al.

(Decided January 15, 1913.)

### Appeal from Marion Circuit Court.

1. Mechanic's Liens—Rejection of—When Claim Properly Rejected.—Where the statement necessary to obtaining a material man's lien was not filed in the clerk's office within six months of the furnishing the last material, and where the land described in the statement is not the land upon which the material was used, but a wholly different tract, which, though owned by appellee, is a mile distant and wholly separated from the farm on which he resides and where the material furnished by appellant was used, the rejection of the lien by the circuit court was proper.

2. Mechanic's Liens—Failure to Comply with Statute Defeats Lien—Requirement of Statute Mandatory.—The requirement as to the filing of the statement within six months after the last of the material is furnished is mandatory, and the failure to comply with it defeats the lien, and it is equally mandatory that the statement shall contain ''a description of the property intended to be covered by the lien, sufficiently accurate to identify it.''

3. Pleading—Curing Mistake or Defect in by Amendment—Cannot Be Filed After Time Fixed by Statute to Bring Action to Enforce Lien.—While a mistake or other defect in a pleading may be corrected or cured by amendment, a statement for a statutory lien defective in substance cannot be amended by a pleading filed after the time allowed by the statute for filing the statement itself.

**4.** Judgment—Claim for Personal Judgment—Evidence.—Appellant's contention that it was entitled to a personal judgment is not sustained by the weight of the evidence.

LAFE S. PENCE, for appellant.

WILLIAM W. SPALDING, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This appeal is prosecuted from a judgment of the Marion circuit court refusing appellant a personal judgment upon an account of $258.28, against the appellee, W. A. Clarke, and the enforcement of a materialman's lien against his farm. The original petition simply sought judgment against the appellee for $258.28, as a balance alleged to be due appellant upon an account for building materials sold him at his instance and upon his promise to pay therefor. But by an amended petition it was alleged that the building materials were sold one R. H. Carter for appellee, to be used in making an addition to and repairs on a dwelling house of the latter; that both Carter and appellee promised to pay therefor and both made payments on the account until the amount thereof was reduced to the sum sued for.

It was also alleged in the amended petition that appellant for the purpose of obtaining a materialman's lien upon the real estate of appellee upon which the materials bought of it were used, filed and caused to be recorded in the office of the clerk of the Marion county court within six months of furnishing the last of the material sold Carter for appellee, a verified statement conforming to the requirements of section 2468, Kentucky Statutes. The prayer of the amended petition again asked a personal judgment against appellee; that the lien alleged to have been acquired upon appellee's dwelling house and land through the filing in the clerk's office of the statement referred to, be enforced by a sale of enough of the property to satisfy the lien debt, and to that end that the case be transferred to the equity docket.

Appellee by answer traversed the averments of the petition, as amended, and following the taking of proof by depositions, the cause was tried upon its merits with the result already indicated. The rejection by the circuit court of appellant's claim of a materialman's lien was clearly proper, for the reasons, (1) that the statement necessary to its obtention was not filed in the clerk's

office within six months of its furnishing the last of the material; (2) the land described in the statement for the lien is not the land upon which the material was used, but a wholly different tract, which, though owned by appellee, is a mile distant and wholly separated from the farm on which he resides and where the material furnished by appellant was used.

Section 2468 of the statute, supra, declares that, "the liens mentioned in the preceding sections *shall be dissolved unless the claimant, within six months after he ceases to labor or furnish materials,* as aforesaid, files in the office of the clerk of the county court of the county in which such building or improvement is situated a statement,".&c. The requirement as to the filing of the statement within six months after the last of the material is furnished is mandatory, and the failure to comply with it defeats the lien. Ponder v. Bldg. & Loan Association, 22 R., 1074. The last item of material charged in the account and statement was admittedly furnished May 28th, 1910; and the statement filed Dec. 5th, 1910, more than six months thereafter.

Equally mandatory is the further requirement of the same section that the statement shall contain "a description of the property intended to be covered by the lien, sufficiently accurate to identify it. * * *" Obviously, the statement filed by appellant does not come up to this requirement, as it describes by metes and bounds a tract of land of one hundred and fifty acres conveyed appellee by A. S. Montgomery, and gives the deed book and page where it is recorded, which it declares to be the land improved by the materials appellant furnished appellee, whereas, as previously stated in the opinion, all the materials were used upon a building on another tract of land, a mile distant, owned by appellee and upon which he resides.

The error in the description of the land contained in the statement of lien is admitted by appellant in an amended petition, in which the land upon which the materials were used is correctly described, but this amendment was filed more than a year after the statement was filed in the clerk's office and, therefore, beyond the year following the filing of the statement in which section 2470, Kentucky Statutes, requires that suit for the enforcement of the lien shall be brought.

A mistake or other defect in a pleading may be cor-

rected or cured by an amendment, but we are aware of no decision of a court which would authorize a statement for a statutory lien, defective in substance, to be amended and made good, by a pleading filed after the time allowed by the statute for the filing of the statement itself, or, as in this case, after the expiration of the time fixed by the statute for bringing an action to enforce the lien created by the filing of a statement in a proper form.

It is, however, insisted for appellant that it was, in any event, entitled upon the evidence to a personal judgment against appellee for the amount claimed in the petition. We are unable to say that this contention was sustained by the weight of the evidence. It rests mainly upon the testimony of W. G. Matson, appellant's manager, its bookkeeper Edmonds, and the fact that appellee made one or two payments on appellant's claim while Carter was engaged in making the addition to his residence. Matson testified positively that credit for the materials was extended to appellee alone and that the latter purchased the materials through Carter as his agent; also that while receiving the material, and after it was all furnished, he promised to pay for same. Matson admitted, however, that he knew when the materials were sold to Carter, that the latter was an independent contractor in the matter of furnishing the materials and doing the work for appellee. Edmonds said it was his understanding that appellee agreed in a conversation with Matson after the materials had all been furnished to pay for same, but when asked what appellee then said, replied that he said, in substance, that if convinced the law would compel him to pay appellant, he would do so, otherwise he would not. Edmonds, however, admitted that in charging the account to "R. H. Carter for Wm. Clarke," it was thus stated, as was customary, to indicate merely that the materials were purchased by Carter to be used for appellee.

Appellee and Carter denied, positively, that the materials were sold to appellee or the credit extended to him; and stated that Carter was to pay for and furnish same for appellee's building as well as to do the work for him; that this was well understood by appellant when Carter contracted for and received the materials and that the payment made on the account by appellee was at Carter's request and because he was then owing Carter, which was well known to Matson. Appellee testified

that Matson did later demand of him payment of the account and insisted that he was liable for it, but that he denied such liability and refused to pay it, saying to Matson that he would not do so unless compelled by the law to pay it. While the evidence was conflicting, it must be presumed that the acquaintance of the judge of the circuit court with the parties and witnesses enabled him to credit such of them as were most worthy of belief, and as some weight should be given his findings of fact, and we are not convinced that they are not sustained by the weight of the evidence, the judgment should not be disturbed.

Therefore it is affirmed.