## Woods, et al. v. Constantine.

(Decided December 17, 1926.)

### Appeal from Leslie Circuit Court.

1. Mechanics' Liens—Mechanic's Lien Cannot be Asserted, in Absence of Compliance with Statute (Ky. Stats., Section 2468).—Mechanic's lien cannot be asserted by one who erected building on land of another, on failure to comply with provisions of Ky. Stats., section 2468, relating to completion and perfection of right to lien.

2. Mechanics' Liens—Evidence Showing Consideration for Erecting Building was Right of Occupancy, Awarding Plaintiff Lien, Held Not to Authorize Judgment.—In action to assert mechanic's lien for building erected on land of another, evidence, showing consideration for erecting building was right of plaintiff to occupancy until he should vacate, held not to authorize judgment for plaintiff.

3. Frauds, Statute of—Oral Contract for Erecting Building Held Not Within Statute of Frauds, where it Might be Performed Within a Year of its Making.—Where consideration of oral contract, under which building was erected on defendants' lot, was right to occupancy for five years, which right reverted to owner on plaintiff's vacating building at any time during such period contract, held not within statute of frauds, since it might be performed within a year of its making.

4. Mechanics' Liens—One Erecting House, in Consideration of Right of Occupancy Until Vacation, could Not Assert Mechanic's Lien After Vacating and Surrendering Interest Therein.—One who erected house, in consideration of right of occupancy, which was

determinable on vacating, could not assert mechanic's lien thereon after vacating building, with statement that he had no further interest therein.

M. G. BEGLEY for appellants.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Reversing.

Appellee and plaintiff below, George Constantine, filed this equity action in the Leslie circuit court against appellants and defendants below, Lilburn Woods and wife, alleging therein that defendants employed plaintiff, to construct a building upon land jointly owned by them, which he did at the cost of $550.00, and plaintiff sought judgment against defendants for that amount and the assertion of a mechanic's lien on the lot of ground upon which the building was erected. The answer denied the material averments of the petition and in another paragraph averred that under the verbal contract for the erection of the building it was agreed that defendants would, and they did, furnish the timber which plaintiff was to have sawed into lumber and with it construct the building at his own expense, and that he should have the right to occupy it to conduct his merchandise business for the space of five years as consideration for its construction; but if plaintiff should for any cause vacate and cease to use the building it would immediately revert to defendants free of any claim or equity on the part of plaintiff. It was further averred that plaintiff under that verbal agreement constructed the house at a total cost of $332.00 and occupied it as a retail store for the space of three months, when his business for some cause, not made clear in the record, was closed out, and pursuant to the verbal contract he turned over the building to defendants and which they have occupied since that time. Appropriate pleadings made the issues, and upon final submission after proof taken the court adjudged that the value of the work, labor and material put into the building by plaintiff was $332.00, for which amount it gave personal judgment against defendants, and also adjudged plaintiff a lien upon the lot and building to satisfy the personal judgment, and to reverse it defendants prosecute this appeal.

To begin with, the court was manifestly in error, whatever else might be true, in adjudging plaintiff a lien

upon the lot and ordering it sold, since there was no pretense either by pleading or proof that plaintiff ever attempted to comply with the provisions of section 2468 of our statutes in order to complete and perfect his right to a lien under the statute; and we have held in an unbroken line of decisions, some of which are incorporated in the note to that section, that unless its provisions are complied with the persons who would otherwise be entitled to the lien can not assert it.

But the foregoing is not the only error in the judgment. Defendants and four or five other distinterested witnesses testifying in their behalf stated positively and without equivocation that the contract for the construction of the building, with the attached conditions set out in the answer as above indicated, was the true contract between the parties. Moreover, plaintiff, a short while before he gave his deposition in this case, testified as a witness in his own behalf at the trial of an action against him by one Sam Pilatos, and in which he testified that the contract and agreement under which he constructed the building involved in this case was substantially the same as testified to herein by defendants and their witnesses, and which testimony he admitted in his deposition taken in this case and gave as a reason for his so testifying in the Pilatos action that ''It was because I had to have Lilburn (one of the defendants herein) as a witness in mine and Sam's case, and I was afraid he might go back on me.'' So that, we not only have plaintiff's theory as to the substance of the contract with defendants as testified to by him herein, positively contradicted by defendants themselves, but also by some four or five disinterested witnesses who were present when the contract was made and heard its terms. Likewise is plaintiff's theory, which he advanced for the first time in this case, contradicted by his own statements under oath made and given in the trial of the Pilatos case, and his excuse for so perjuring himself is so trivial as to be unworthy of belief.

Surely, it would require no argument to demonstrate that the court erred in not adjudging that the contract for the construction of the building was as is contended by defendants, and we are at a loss to understand upon what theory the court came to the conclusion embodied in the judgment, unless it was that he was of the opinion that the verbal contract was against the statute of frauds

and that plaintiff was entitled to a judgment on a *quantum meruit.* But even so, then there existed no ground for the assertion of a lien.

If, however, the court so concluded it is also our opinion that he was in error; for, according to the great preponderance of the evidence which we have above outlined the terms of the contract under which plaintiff was to occupy the building free of any equity in defendant might have been performed within a year, *i. e.*, plaintiff within that time could have constructed a house and occupied it and vacated it, which as a matter of fact did happen, and the contract came within the rule that if it is reasonably possible that it might be performed within a year from its making it is binding although verbal. But, in addition to that, under the overwhelming positive proof in this case, plaintiff surrendered the house to defendants at the time he vacated it with the statement, in substance, that he had no further interest in it, and moved out of that vicinity, and so remained without attempting to assert any claim whatsoever against defendants until the filing of this action. There is no attempt made by him to prove that he was wrongfully or otherwise caused to vacate the house on account of anything done by defendants, and under the circumstances he can not now maintain this action, whatever may have been his rights if he had not voluntarily surrendered the possession.

We, therefore, conclude that the judgment was and is erroneous, and the motion for the appeal is sustained and it is granted, and the judgment is reversed, with directions to dismiss the petition.