## Powers v. Brewer.

(Decided May 1, 1931.)

R. L. POPE, J. D. POPE and J. H. TAYLOR for appellant.

H. L. BRYANT and LOW & BRYANT for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Since the latter part of the year 1926, the appellee H. L. Bryant has been the owner of two lots and part of a third lot contiguous to each other on the south side of Kentucky avenue in Pineville, Ky. These lots are located in block 8 of the Hull and Barclay addition to the city of Pineville. Bryant owns all of lot 18, all of lot 19, each of which is 25 feet in width, and 15 feet of lot 20 in this block. He acquired lot 18 and the west 5 feet of lot 19 in 1922 and the remaining 20 feet of lot 19 and the 15 feet of lot 20 in 1926. For some reason not in the record, it appears that Bryant failed to record his deeds to the property embraced in these lots, but the record shows that his ownership of all of these lots was apparent from the assessor's record. There were and still are two residences on the three lots. One residence occupies a portion of lot 18 and extends 5 feet over on lot 19. The other house rests in part on lot 19 and in part on lot 20. Bryant determined in the fall of 1927 to remodel this last-mentioned house. He employed as architects the firm of L. C. Powers & Sons, and they prepared the plans and specifications for the remodeling work. The general contract for the work was let to the appellee F. F. Brewer. He in turn contracted with the appellant, W. W. Powers, to do the labor required in laying the brickwork in the remodeling. The appellant was a son of one of the partners and brother of the other two partners composing the firm of architects which had prepared the plans and specifications for this work. The contract between the appellant and Brewer provided that the appellant was to furnish all the labor required "to finish complete" the brickwork on the H. L. Bryant residence remodeling job "to the entire satisfaction of the architect and owner" at the rate per thousand brick set out in the contract. The contract further provided that, in computing the brick to be laid, openings in the wall for doors and windows were not to be deducted, and payment on the work was to be made "at the rate of 75 per cent, every two weeks." Appellant began his work in

the late fall of 1927 and quit the latter part of January, 1928.

On January 27, 1928, he sent the following notice to Bryant:

"You are hereby notified that I expect to file and require a lien on lots 18 and 5 feet 19, blk. 8, Hull and Barclay Addition to the City of Pineville, Ky., for the following itemized statement for labor furnished F. F. Brewer as follows: (Here follows a statement of the number of brick laid at the price specified in the contract, totaling $719.65, subject to a credit of $350, leaving a balance on brickwork of $369.65, to which was added these extras: Selection of face brick, $80; setting of steel lintels $28; scaffolding work, $75; brickwork on porch changed and setting tile in chimney, $56.50—total due on the job, $609.15.)

The notice then continued: "You are notified that I will file proper lien and have same recorded in the office of the Bell county court clerk within the time fixed by statute whereof you will take notice."

On January 30th following, appellant filed with the county clerk the statement required by section 2468 of the Statutes to perfect a mechanic's lien. In the statement itself he set out that there was due him a net balance of $609.15, as shown by a statement of the account filed with "the statement of mechanic's lien" the account being due "for the improvements to the property owned by H. L. Bryant" by appellant, which property consisted of building "lying and being located on lots 18 and 5 feet of 19 in block 8 of the Hull and Barclay Addition to the City of Pineville." In the statement of account filed with this statement of mechanic's lien, the figures as set out in the notice of January 27th are copied. This statement of account is headed thus:

"Statement of W. W. Powers on work done under contract with F. F. Brewer, contractor on the building of H. L. Bryant on lots 18 and part 19, blk. 8, of Hull and Barclay Addition to the City of Pineville, Bell County, Ky."

It will be noted that the property described by lot and block number in the notice of January 27th, in the

statement of mechanic's lien, and in the statement of account filed with the mechanic's lien, is the old residence of Bryant and the property upon which it was located and upon which appellant had done no work. None of these documents described by lot and block number Bryant's residence on which the work had been done; that is, the 20 feet of lot 19 and 15 feet of lot 20. The appellant's account not having been paid, he brought this suit to recover a personal judgment against Brewer for the $609.15, alleged due, and to enforce against lot 18 and 5 feet of lot 19 his claimed mechanic's lien. A demurrer to the original petition was overruled as to Brewer but sustained as to Bryant. The petition was thereupon amended to show that notice of the claimed lien had been sent to Bryant within the time prescribed by statute. Kentucky Statutes, sec. 2463. The demurrer to the petition as amended was thereupon overruled. Brewer filed his answer and counterclaim, in which he denied that he was liable for any of the extras claimed, and in which he asserted that the work had not been done satisfactorily to the owner or completed according to contract, and that he had been compelled to complete it at a cost to him of $_____ (sic), for which he asked judgment. The appellee Bryant filed his answer to the amended petition, in which Brewer also joined. It alleged that the appellant had done no work on the property described in the notice, in the statement of mechanic's lien, and in the petition, but that the work had been done on other property. The appellant traversed this answer to his amended petition. The case was then referred to the master commissioner, who found that, by reason of the facts set up in Bryant's answer, which were established without dispute by the proof, no lien existed in favor of the appellant. On the issue between appellant and Brewer, he found that appellant was entitled to recover the full amount sued for. Powers and Brewer filed exceptions to this report. The circuit court overruled the exceptions of Powers, but sustained those of Brewer to the extent that he allowed no recovery in favor of the appellant for the extras claimed. These being eliminated, the chancellor gave judgment in favor of the appellant against Brewer for the sum of $372.05 and dismissed the petition as to Bryant. Powers has appealed from both parts of the judgment.

The first ground relied upon by appellant for reversal of the judgment in favor of Bryant is rested on the

contention that the statute gives to a laborer or materialman a complete perfect and subsisting lien against the property upon which he has labored or furnished material even though no notice is given to the owner and no statement of the lien is filed as required by section 2468 of the Statutes, providing that the owner knows that the labor has been done on or the material has been furnished to his property and no question of priorities or of bona fide purchasers intervenes. This contention of the appellant has been expressly denied by this court in many of its decisions. To cite but one, the case of Woods et al. v. Constantine, 217 Ky. 195, 289 S. W. 282, says:

"To begin with, the court was manifestly in error, whatever else might be true, in adjudging plaintiff a lien upon the lot and ordering it sold, since there was no pretense either by pleading or proof that plaintiff ever attempted to comply with the provisions of section 2468 of our statutes, in order to complete and perfect his right to a lien under the statute; and we have held in an unbroken line of decisions, some of which are incorporated in the notes to that section, that unless its provisions are complied with, the persons who would otherwise be entitled to the lien cannot assert it."

We thus see that the perfected lien of the mechanic or materialman does not depend on the knowledge of the owner, but on whether the mechanic or materialman has followed the requirements of the statute as to notice and as to the filing of the statement required by section 2468 of those Statutes. If he has, the knowledge of the owner is immaterial. If he has not, it is equally immaterial.

Appellant contends, however, that, even if this be so, the notice which he sent Bryant and the "statement of mechanic's lien" which he filed both gave a sufficient description of the property to bind it, and to perfect his lien. In so far as pertinent, section 2468 of the Statutes requires that the "statement of mechanic's lien" contain inter alia "a description of the property intended to be covered by the lien, sufficiently accurate to identify it." A mechanic's lien does not per se create a personal liability on the part of the owner of the property. It operates only in rem against the property. Although mechanic's liens were clearly defined and regulated in the civil law

they were not recognized at common law nor allowed in equity, and therefore in this country the right to acquire and enforce such a lien is a creation of and dependent upon statute. 18 R. C. L. 872. It follows that the statute must be followed in order that the lien may be completed and perfected. As we have seen, one of the requirements of the statute is that a description of the property against which a lien is asserted sufficiently accurate to identify it must be set out in the statement filed to complete and perfect the lien. The reason is, of course, obvious. The lien creates no right in personam against the owner of the property, but only a right in rem against the property, and therefore, in order that the property may be held in lien for the account, it is necessary that a description of it be given. Now it may be admitted that, in order to carry out the remedial purposes of the mechanic's lien law, a liberal construction should be given to the statute and the courts so hold; but the principle that the statute is to be liberally construed does not mean that its provision can be entirely ignored. What sort of a description will satisfy the requirement of the statute that the property must be described sufficiently accurate to identify it? Is it enough that the property owner, because of his knowledge of the facts, can identify the property, though any other person who did not know of the facts could not do so? We have seen that it is not the knowledge of the property owner which preserves the lien, but the fulfillment of the requirements of the statute. Is the requirement that the description must be sufficiently accurate to identify the property confined to what the owner from his knowledge of other facts may be able to do, or does it mean that the description must be such that any one can *from it* identify the property? Will there be a lien or no lien depending upon whose interests are at stake? The following from Phillips on Mechanic's Liens, sec. 379, is most frequently quoted in the opinions of the courts dealing with this question of description: "If there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty to the exclusion of others, it will be sufficient."

An analysis of this statement of the rule discloses that the identification of the premises must come from the description itself and not as eked out by extrinsic facts. Further, the description must be such as to ex-

clude all other property. Let us see how this rule has been applied in the cases. And first let us review a few from foreign jurisdictions.

In the case of Independent Plumbing & Heating Supply Co. v. Glennon (St. Louis Court of Appeals) 287 S. W. 824, the materialman had furnished materials for the improvement of a school. His statement of mechanic's lien referred to the property in substance thus: As lots 1 and 2, block 3192, being No. 1313 Academy avenue, and improved by a building known as St. Marks School. As a matter of fact the building on the property thus described was the rectory, and the school which had been improved was on lots 54, 55, and 56 in block 3192 and was known as 1327 Academy avenue. The court held that the description was insufficient to satisfy the statute.

In the case of General Electric Co. v. Mori (Sup.) 201 N. Y. S. 561, Mori owned two adjoining houses, known as 144 and 146 Bleecher street. He undertook to connect the two houses, and a materialman furnished labor and material in the work of that connection. In filing its lien, it described the property as 144 Bleecher street, and it was held insufficient to hold the property known as 146 Bleecher street.

In Gem State Lumber Co. v. Cameron, 44 Idaho, 595, 258 P. 539, where an attempt was made to assert a lien against a building which had been improved and where the statement for the lien referred to a building on a described lot, it was held insufficient where there were two or more buildings on the lot described, although only one had been improved.

In the case of H. S. Johnson Co. v. Ludwigson, 148 Minn. 468, 182 N. W. 619, a property owner owned lots 1, 2, 3, and 4. Lots 1 and 2 were known as No. 305 on a certain street. Lot No. 4 was known as No. 311 on the same street. The lumberman furnished lumber for house No. 311, but in claiming his lien he described the property as lots 1 and 2 known as No. 305. It was held that he acquired no lien against lot No. 4.

All of theses cases were contests between the owner and laborers and materialmen.

Coming now to our domestic authorities, we find that in the case of Lebanon Lumber Co. v. Clarke, 151 Ky. 543, 152 S. W. 550, 551, a man by the name of Clark employed one Carter to do some repair work on his dwelling. The Lebanon Lumber Company furnished the lumber, and it attempted to assert a lien against

Clark's property which had been improved. We have examined the original record in that case, and the statement of mechanic's lien which the Lebanon Lumber Company filed reads in part thus: "An itemized statement showing each and all items so purchased by W. A. Clark as aforesaid, is filed as a part hereof and made part hereof by exhibit as if attached and marked 'A.' Said property in which the aforesaid lumber went and builded is a frame dwelling house, situated near the town of Penick, in Marion County, Kentucky, and is the identical residence in which said W. A. Clark resides as a residence and a home, and is situated on a tract of land about 150 acres, described and set out by metes and bounds in deed book No. 19, page 41, Marion County Clerk's office to which reference is here made, and herewith described as part hereof marked 'B' as if set out herein by definite description, thereof, and same land purchased from A. S. Montgomery grantor to W. A. Clark. A lien is retained upon both the said dwelling house into which said before mentioned lumber went into and formed a part, as well as the land farm, upon which said dwelling house stands."

As a matter of fact, the property described by metes and bounds in Deed Book 19, page 41, was about a mile distant from the property upon which the house into which the lumber went was located; both parcels being owned by Clark. In holding the description insufficient to create a lien against the property improved, we said:

"Equally mandatory is the further requirement of the same section that the statement shall contain 'a description of the property intended to be covered by the lien, sufficiently accurate to identify it. . . .' Obviously the statement filed by appellant does not come up to this requirement, as it describes by metes and bounds a tract of land of 150 acres conveyed appellee by A. S. Montgomery, and gives the deed book and page where it is recorded, which it declares to be the land improved by materials appellant furnished appellee; whereas, as previously stated in the opinion, all the materials were used upon a building on another tract of land, a mile distant, owned by appellee and upon which he resides. The error in the description of the land contained in the statement of lien is admitted by appellant in an amended petition, in which the land upon which the materials were used is correctly described,

but this amendment was filed more than a year after the statement was filed in the clerk's office, and therefore beyond the year following the filing of the statement in which section 2470, Kentucky Statutes, requires that suit for the enforcement of the lien shall be brought. A mistake or other defect in a pleading may be corrected or cured by an amendment, but we are aware of no decision of a court which would authorize a statement for a statutory lien, defective in substance to be amended and made good by a pleading filed after the time allowed by the statute for the filing of the statement itself, or, as in this case, after the expiration of the time fixed by the statute for bringing an action to enforce the lien created by the filing of a statement in a proper form."

The case of Mivelaz v. Johnson, 124 Ky. 251, 98 S. W. 1020, 30 Ky. Law Rep. 389, 124 Am. St. Rep. 398, 14 Ann. Cas. 688, is not in conflict with this Lebanon Lumber Company case. In the Mivelaz case, only part of the property intended to be covered was accurately described, and it was held that the lien could be asserted at least against so much of the property as was accurately described.

This Lebanon Lumber Company case is sound on principle, and cannot be distinguished from the instant case. The description furnished in the instant case points out expressly and specifically lot 18 and 5 feet of lot 19. There was and is a residence upon this property. Without extrinsic evidence, even a party familiar with the locality could not identify the property from this description other than just what it literally describes. No one, unless he knew the fact that the house on lot 18 and 19 had not been improved, could say that the description meant to describe any other property. Certainly, unless he knew Bryant owned the house and lots 19 and 20 and that it was that house which had been improved, he could not say that appellant even intended to assert a lien on such house. But as we have seen, the description itself must furnish the needed information to identify the property to the exclusion of all others. The other knowledge of the owner is immaterial. This description unerringly identifies to the exclusion of all others only lots 18 and 5 feet of lot 19, and is utterly insufficient to hold the remaining 20 feet of lot 19 and 15 feet of lot 20. The

lower court did not err in dismissing the petition as to Bryant.

Nor do we think the lower court erred in refusing to give appellant judgment for the extras which he claimed. He made no showing whatever that he was to be paid for the scaffolding. He had agreed to do "all the labor required to finish complete" the brickwork, and, without a showing that the scaffolding was not included in this undertaking, he cannot recover for the labor necessary to enable him to lay the brick. He was to do all "the labor required to finish complete" the brickwork, and, if he had to use a scaffold to lay the brick, that was part of the labor necessary to "finish complete" the brickwork. The work done on the porch had to be done over because appellant had not done a job satisfactory to the owner as he had agreed to do. He seems to think that, if he satisfied the architect, that is all he was required to do. But his contract expressly required the work to be done to the satisfaction of the owner, and it is not shown that the owner in requiring the work to be redone on the porch acted capriciously. There is no showing as to what the setting of the tile in the chimney was worth even if it was not covered by the contract. It may have been a very trivial amount for which a case would not be reversed. Appellant failed to show any agreement on the part of Brewer or Bryant to pay him for the selection of the face brick. If these brick had to be picked out in order that a good job of work could be done, then it was because the brick which had been furnished by a brickyard in which appellant's brother, one of the architects, was interested, were defective. The evidence does show some sort of an arrangement between this brother and the appellant for appellant to be recompensed for the labor in sorting the good brick out of the defective. But there is no showing that the architect had any right to bind Brewer or Bryant, and his agreement seems to have been to protect the brick he was furnishing rather than an effort to bind Brewer or Bryant. Appellant is not entitled to recover for this item. Perhaps appellant may be entitled to recover for the setting of the lintels, but as a laborer of his has since this action was instituted been paid by Brewer practically the amount claimed by appellant for setting these lintels, and as Brewer is entitled to a credit against appellant for the payment thus made appellant's laborer the case

will not be reversed simply to have these claims balanced against each other by the circuit court.

The judgment is affirmed.

Whole court sitting: CLAY, J., dissenting from so much of the opinion as holds the description insufficient.