## Andrews et al. v. Wilson et al.

(Decided March 6, 1934.)

238

JOHN A. WHITAKER, W. V. PERRY and ALLEN PREWITT for appellants.

COLEMAN TAYLOR and E. J. FELTS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

W. E. Wilson brought this suit in equity against Mary Alma Andrews and Phil B. Andrews, her husband, to recover the sum of $282 for tile, brick, and other materials which he alleged they purchased from him and used in the construction of a house on a lot owned by Mrs. Andrews. He also sought to enforce a materialman's lien on the Andrews property. The defendants denied that they had purchased the materials from the plaintiff, and pleaded that the materials had been sold by the plaintiff to Hankins & Green, who had contracted to construct the walls, chimneys, and flues of the Andrews home for the lump sum of $685, including all materials and labor. They alleged that Hankins & Green breached the contract, and that defendants were compelled to complete it at a cost of $111 in excess of the contract price. They further alleged that Hankins & Green were acting for T. L. Herbert & Sons of Nashville, Tenn., who, through W. E. Wilson, furnished the materials. They made their answer a cross-petition against Hankins & Green and T. L. Herbert & Sons, and sought to recover from cross-defendants any judgment rendered against them in favor of Wilson and also $111 alleged cost of work in excess of the contract price caused by the default of Hankins & Green.

The circuit court rendered a judgment for W. E. Wilson in the amount of the claim, adjudging him a lien on the property and dismissing the cross-petition. The sole question presented by this appeal is one of fact.

It appears that the money for the construction of the house was furnished by H. L. Kirkpatrick, father of Mrs. Andrews, and that Phil B. Andrews superintended the construction of the house and acted as his wife's agent in making all contracts for the purchase of materials and the employment of labor. In most instances

Andrews purchased the materials from Wilson and employed the laborers to do the work. He testified, however, that the construction of the walls, chimneys, and flues was let by contract, that is, the contractor was to furnish all labor and materials for a lump sum, and that he had nothing to do with the purchase of these materials. Wilson testified that the tile, brick, and other materials that went into the walls, chimneys, and flues were purchased from him by Andrews, but that Andrews requested him to keep a separate account of these materials in order that he might be able to settle with Hankins & Green. Wilson carried this account in the name of Hankins & Green, but he claims the contract for its sale was with Andrews, and that Andrews agreed to pay for it. The work was completed some time in July, 1929, and on November 4, 1929, Wilson filed a notice in the county clerk's office asserting a lien on the Andrews property for materials furnished the contractors. It was stated in the notice that the materials were furnished under a contract with Hankins & Green, contractors, who agreed to pay Wilson the sum of $282 for the materials, and that they were used for the purpose of improving the real estate of Mrs. Mary Alma Andrews. The time, of course, had expired for procuring a lien as against the owners for materials furnished, since the statute provides that no person who has not contracted directly with the owner, or his agent, shall acquire a materialman's lien unless he shall notify in writing the owner of the property to be held liable, or his authorized agent, within thirty-five days after the last item of said material or labor is furnished of his intention to hold such property liable and the amount for which he will claim a lien. Section 2463, Kentucky Statutes. If the contract for materials is made with the owner or his authorized agent, a person who furnishes materials may obtain a lien by filing in the county clerk's office within six months after he ceases to furnish materials the statement prescribed by section 2468 of the Statutes.

On December 13, 1929, Wilson filed in the Logan county court what he termed "Correction of Statement Asserting Material Man's Lien," in which he withdrew all allegations contained in the former statement with reference to the contract having been made with Hankins & Green, and in the amended statement he alleged that the materials were sold to Mary Alma Andrews

and her husband and agent, Phil B. Andrews, at their special instance and request.

Appellant's chief argument for a reversal of the judgment is based on the statement filed by Wilson in the Clerk's office on November 4, 1929, in which he stated under oath that the materials had been sold to the contractors, Hankins & Green. Wilson, however, testified that this was an error, and he offered a plausible explanation. He stated that he had had no experience in preparing and filing materialmen's liens, and that he went to the clerk's office and informed the clerk that he desired to assert a lien against the Andrews property, and asked the clerk to prepare the required statement for him. The clerk told him that a statement had just been filed by another person who had furnished materials for the improvement of the same property which had been prepared by a competent attorney and that he would copy it, merely changing the names and figures. Wilson signed the statement without reading it, but later discovered that it contained misstatements of fact and had it corrected. He is corroborated by the clerk who prepared the statement. Hankins testified that he entered into a contract with Phil B. Andrews to perform the labor in constructing the walls, chimneys, and flues of the Andrews house; the total cost, including labor and materials, to be $685. Andrews was to purchase and pay for the materials, and the balance was to be paid to Hankins for his labor. T. L. Bullard, a bricklayer employed by Hankins & Green, testified that he heard Andrews tell Wilson that he would pay for the materials. In view of the evidence thus briefly outlined, it cannot be said that the chancellor erred in adjudging that the materials in question were sold to Mr. Andrews and not to Hankins & Green. Phil B. Andrews testified that he did not purchase the materials, but that they were purchased by Hankins & Green under a contract by the terms of which Hankins & Green were to furnish all labor and materials for a lump sum. Hankins, however, testified that he was not to furnish the materials, and he did not purchase them, though the amount paid for the materials by Andrews was to be considered in arriving at the amount due Hankins & Green for their labor. Wilson testified positively that he sold the materials to Andrews and not to Hankins & Green, and, while his testimony was considerably shaken by the production of

the account made out to the contractors for materials furnished for the Andrews house and the statement filed in the clerk's office on November 4, 1929, yet, of these acts, apparently inconsistent with his claim that he sold the materials to Andrews, he offered an explanation which is substantiated by the testimony of others.

The evidence is in that state of equilibrium where the mind is left in doubt as to the truth. In equitable proceedings, the finding of the chancellor is entitled to some weight, and, while the Court of Appeals will consider and weigh the evidence for itself and disregard the finding if it is against the preponderance of the evidence, yet it will not be disturbed if the most that can be said is that the evidence is such as merely to raise a doubt as to the chancellor's finding. Home Insurance Company of New York v. Stroud, 244 Ky. 315, 50 S. W. (2d) 934; Brewer's Executor v. Smith, 242 Ky. 175, 45 S. W. (2d) 1036.

In the instant case it cannot be said with reasonable certainty that the chancellor erred in his finding of fact. Wherefore the judgment is affirmed.