## United States Fidelity & Guaranty Co. v. Tafel Electric Co.

(Decided Dec. 20, 1935.)

HITE H. HUFFAKER and JOHN R. MOREMAN for appellant.

WOODWARD, HAMILTON & HOBSON for appellee.

OPINION OF THE COURT BY ·CREAL, COMMISSIONER—
Reversing.

On October 15, 1931, the Angle-Blackford Company entered into a contract with the state board of education for the state of Tennessee to construct two buildings and in conformity with the laws of the state of Tennessee executed a bond in the sum of $277,350 for the faithful performance of the contract and to satisfy all claims and demands for materials and labor used by the contractor or any immediate or remote subcontractor under it. It was recited in the bond that it was the intention of the parties to the contract to execute a statutory bond in compliance with certain acts and statutes of Tennessee referred to therein. Among other things, the bond contained the following provision:

> "Provided, however, that no suit, action or proceeding by reason of any default whatever shall be brought on this bond after twenty-four (24) months from the date on which the final payment under this Contract falls due."

On December 9, 1933, the Tafel Electric Company instituted this action in the Jefferson circuit court against the United States Fidelity & Guaranty Company, as surety on the bond, alleging that in the performance of the contract, the Angle-Blackford Company made a contract with the Warner Service Company to furnish certain material and labor in the construction of the building and at the instance and request of the latter, plaintiff furnished to it materials used in the performance of the contract amounting to $1,803.85; that on December 21, 1932, plaintiff notified the state board of education of Tennessee that a balance on its account against the Angle-Blackford Company and the Warner Service Company amounting to $803.85 remined unpaid and demanded payment thereof; that the contract was accepted by the board of education on December 27, 1932.

The defendant entered a special demurrer to the petition on the grounds (1) that the court had no jurisdiction of the subject-matter of the action; (2) because of a defect of parties defendant, and also demurred generally to the petition.

The court overruled both demurrers and defend-

ants filed answer, the first paragraph of which was a general denial of the allegations of the petition. In a second paragraph it pleaded that the bond sued upon was a statutory bond executed under the statutes and laws of the state of Tennessee, which laws and statutes pertaining to the bond were made an integral part thereof. The answer set forth at length the acts referrd to in the bond, being sections 7955, 7956, (3546-a7), 7957 (3546a6); 7958 (3546a5), and section 7959 of the Code of Tennessee and alleged that the action was not brought within the time provided therein. In a third paragraph it pleaded that under the laws of the state of Tennessee the situs of an action based upon a bond given pursuant to statutory requirements of that state that created a new right of remedy, is in the state of Tennessee, and therefore the Jefferson circuit court had no jurisdiction of the subject-matter of the action.

Plaintiff demurred to the second and third paragraphs of the answer, and the court overruled the demurrer as to the second paragraph, but sustained it as to the third paragraph.

By reply to the second paragraph of the answer, plaintiff denied that any act of the Legislature of Tennessee was made a part of the bond, or that the cause of action set forth in its petition was not instituted within six months following the completion of the work, or that the cause of action did not accure within six months before the action was commenced.

On final hearing it was adjudged that plaintiff recover the sum sued for, and defendant is appealing.

It is first argued by counsel for appellant that the Jefferson circuit court had no jurisdiction of the subject-matter of the action, and therefore the special demurrer to the petition should have been sustained and the demurrer to the third paragraph of the answer should have been overruled.

We are not impressed with the argument that the court had no jurisdiction of the subject-matter of the action, but, as will presently appear, it is unnecessary to and we do not determine that question. The second and third grounds argued for reversal are in substance that in seeking to enforce a statutory remedy, appellee

had the burden of showing that it had complied with all the requirements of the statute with respect thereto which it failed to do; and that in fact it had not complied with the provisions of the statutes of the state of Tennessee under which it is seeking to enforce its claims, and therefore its action must fail.

Section 7955 of the Code of Tennessee as set forth in the answer provides in effect that no contract shall be let for any public work by the state or any city, county, or state authority until the contractor has executed a bond to the effect that he will pay for all labor and material used by the contractor or any immediate or remote subcontractor under him.

Section 7956 (3546a7) provides in substance that to secure advantage of the bond, any one furnishing labor or materials shall after the labor and material is furnished and within 90 days after the completion of such public work give written notice by return receipt, registered mail, or by personal delivery either to the contractor or to the public official having charge of the letting or awarding of the contract; that such written notice set forth in detail the nature and itemized account of materials furnished or labor done and the balance due thereon.

Section 7958 (3546a5) provides that any laborer or furnisher of labor or material to the contractor or any immediate or remote contractor may bring an action on such bond.

Section 7959 reads:

"Several persons entitled may join in one suit on such bond, or one may file a bill in equity in behalf of all such, who may, upon execution of a bond for costs, by petition assert their rights in the proceeding; provided, that action shall be brought or claims so filed within six months following the completion of such public work, or of the furnishing of such labor or materials."

It is contended by appellant that there is no competent evidence to show appellee complied with the provisions of the acts and statutes of the state of Tennessee with respect to giving notice, but the conclusion we have reached renders that question immaterial and of no consequence. According to the allegations of the

petition, the contract was completed and the work accepted by the board of education on December 27, 1932. It was nearly twelve months thereafter before this action was instituted. If under section 7959 of the Code of Tennessee actions of this character must be brought within six months following the completion of the public work or the furnishing of the labor or materials and the period of limitation fixed by that section is to be given effect in the courts of this state, then it is apparent that appellant's plea of limitation should have been sustained. Appellee was not a party to the contract nor to the bond. Whatever rights appellee had were given by the laws of Tennessee set forth in appellant's answer. These laws became a part of the contract and bond and must be read into them the same as if expressly incorporated into their terms. Dalzell v. Bourbon County Board of Education. 193 Ky. 171, 235 S. W. 360; Leslie County v. Maggard, 212 Ky. 354, 279 S. W. 335; Moore's Heirs v. Fauntleroy, 10 Ky. (3 A. K. Marsh) 360; Deweese v. Smith (C. C. A.) 106 F. 438 66 L. R. A. 971. These laws created rights and liabilities unknown to the common law and the provision that the action must be brought within six months operates as a limitation of the liabilty as well as of the remedy. In 17 R. C. L. 952, sec. 318, it is said:

"Where a statute creates a new legal liability, with a right to a suit for its enforcement, provided the suit is brought within a designated period, the time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. In such cases it is treated as a condition attached to the right to sue and will control no matter in what form the action is brought. Such a statute is an offer of an action on condition that it be commenced within the specified time. If the offer is not accepted in the only way in which it can be accepted, by the commencement of the action within the specified time, the action and the right of action no longer exist, and the defendant is exempt from liability."

If the statutes giving the right of action to furnishers of materials or labor had not prescribed the time within which the action should be brought, then the right of action would be controlled by the general limitation laws of this state and not by the general

limitation laws of the state of Tennessee, but since the statute giving the right of action asserted, prescribed the time within which the action must be brought, the limitation as to the time must and will be treated as a part of the right thereby conferred and governed by the law which created it. Louisville & N. Ry. Co. v. Burkhart, 154 Ky. 92, 157 S. W. 18, 46 L. R. A. (N. S.) 687; 17 R. C. L. 952-953, sec. 318 and cases cited in notes thereunder.

These statutes of Tennessee are intended to effectuate the same purposes and afford the same protection as mechanic's and materialmen's lien laws which, because of a public policy involved, are not applicable to construction work or improvements made by governments or governmental agencies. To secure the protection of these and kindred statutes there must be a strict compliance with the provisions thereof respecting the time fixed for the assertion of the rights given by the statute and otherwise there must be a substantial compliance with the statute. Lebanon Lumber Co. v. Clarke, 151 Ky. 543, 152 S. W. 550; Ponder v. Safety Building & Loan Co., 59 S. W. 523, 22 Ky. Law Rep. 1074; Vogt et al. v. Cannon Electric Co., 245 Ky. 766, 54 S. W. (2d) 338; Powers v. Brewer, 238 Ky. 579, 38 S. W. (2d) 466; Harris' Assignee v. Gardner, 68 S. W. 8, 24 Ky. Law Rep. 103; Patterson v. Peaslee-Gaulbert. Co., 174 Ky. 47, 191 S. W. 670, L. R. A. 1917D, 882.

Counsel for appellee contend that even though the action may not have been brought within six months following the completion of the work, appellee did comply with the terms of the proviso of section 7959 in that it filed its claim within six months. In other words, it is argued that the giving of the notice referred to in section 7956 was a filing of its claim within the meaning of the proviso in section 7959. It will be noted, however, that under the express provision of section 7956, the notice in any event shall be given within the ninety-day period after the completion of the public work. Manifestly the Legislature in dealing with the same subject did not intend to fix two different periods within which an act should be done in order to secure advantage of the statute, and the words "Claims so filed" as used in section 7959 did not refer to the giving of notice as required by the former section. Section 7959 provides for the joinder of actions, and

it is clearly the intention and purpose of this section that persons entitled to invoke the provisions of the statute must bring their action within six months after the completion of the work or file their claim in an action provided for in section 7959 within that time.

It is further maintained by counsel for appellee that under the quoted provision of the bond, appellee could bring its action at any time within twenty-four months from the date on which final payment under the contract fell due, but this argument is untenable (1) because appellee's rights and remedies were given by the statute and it was not a party to the contract or bond and the quoted provision of the bond clearly applied to actions brought thereon by the state board of education; and (2) agreements to abridge or lengthen the period of limitation prescribed by statutes are void as against public policy. Bates' Adm'r v. Lockery, 241 Ky. 498, 44 S. W. (2d) 589; Maryland Casualty Co. v. Dickerson, 213 Ky. 305, 280 S. W. 1106; Ætna Casualty & Surety Co. v. U. S. Gypsum Co., 239 Ky. 247, 39 S. W. (2d) 234.

For the reasons indicated, the judgment is reversed, and cause remanded for proceedings consistent with this opinion.

Whole court sitting.