## Headrick et ux. v. Waterbury.

March 7, 1939.

JAMES GARNETT, Judge.

RICHARD PRIEST DIETZMAN, FRANK A. ROPKE and ROPKE & BALLANTINE for appellants.

WRIGHT & WRIGHT for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Appellants, Durastus Headrick and Ruth Headrick, his wife, made a contract with A. E. Murphy under

which he was to build a house on property owned by them in Belmar Subdivision in Jefferson County, Kentucky. Before the house was completed Murphy became financially involved and mechanics' liens were filed against the Headrick property by the subcontractors. All of the claims seem to have been satisfied except that of appellee, Waterbury Brothers Transfer Company. Appellee alleged that stone and other materials furnished by it and used in the building of the house, amounting to $256.72, had been sold to Durastus Headrick and not to Murphy, the contractor. Appellee filed notice of intention to claim a mechanic's lien against the property. The lower court rendered judgment against appellant Durastus Headrick personally, for the amount claimed by appellee, and also adjudged it a lien on his interest in the property.

Appellants urge reversal because the lower court erred (1) in giving a personal judgment against Durastus Headrick and (2) in adjudging a lien against the property because of the misdescription given it in the mechanic's lien filed by appellee.

A careful examination of the record fails to disclose any basis for holding that Durastus Headrick entered into a contract with appellee for the stone and other materials furnished by it which were used in the building of the house. Headrick went to the office of appellee after the house was nearing completion for the purpose, as stated by him, of ascertaining the cost and amount of the stone used. This seems to have been the first contact between Headrick and representatives of appellee. Witnesses for appellee attempted to show that the Company would not make a sale to Murphy, the contractor, because of his credit. They stated also that the sale was made by a salesman of the Company. On this point Headrick stated that he did not know the Company salesman, and that his first contact with any of its representatives was when he went to its office when the house was nearing completion. E. J. Waterbury testified that he had called on Durastus Headrick relative to the claim, and that Headrick had promised to pay it. But, as noted, Headrick testified that he had made no agreement with the Company to purchase the stone, and that he had contracted with Murphy to build the house. We find no basis, therefore, for support of the personal judgment against Durastus Headrick.

Section 2468 of the Statutes requires that a mechan-

ic's lien state, among other things, whether the materials were furnished by contract with the owner of the property or with a contractor or subcontractor. We have noted that appellee alleged that the contract had been made with Durastus Headrick. Having reached the conclusion that the court erred in adjudging that Durastus Headrick had contracted with appellee for the stone, it follows that the lien filed by appellee did not conform to section 2468.

We think the lien is fatally defective for another reason also. The mechanic's lien filed by appellee described the Headrick property as follows:

"That said building was erected on lot No. 66 on a tract of land in Jefferson County, Kentucky, known as Belmar Subdivision, consisting of stone veneer, concrete foundation, composition roof, side drive to double garage clap board painted white, lot 50 x 150 and lot No. 76 belonging to Susie Kirk on one side and lot No. 67 belonging to Mary Waltrip on other side of building."

The proper description of the property as set forth in the original petition is as follows:

"Lots 195 and 196, Belmar Subdivision, a plat of which is recorded in Plat and Subdivision Book 7, page 8, in the office of the Clerk of the Jefferson County Court, Kentucky; being the same property conveyed to Ruth and Durastus Headrick by deed dated August 16, 1934, and recorded in Deed Book 1553, page 396, in the office of the Clerk aforesaid."

In the case of Powers v. Brewer, 238 Ky. 579, 38 S. W. (2d) 466, the question of the sufficiency of a description of the property in a mechanic's lien is discussed. In holding in that case that the description of the property was insufficient where the description of adjoining property belonging to the same owner was given instead of that on which the work had been done, we said that the identification of the premises must come from the description itself and is not to be eked out by extrinsic facts, and that the description must be such as to exclude all other property. It follows from the application of this rule that the description of the Headrick property in the lien filed by appellee was insufficient. See, also, Tackett v. Pikeville Supply & Planing Mill Company, 249 Ky. 835, 61 S. W. (2d) 881; U. S.

Fidelity & Guaranty Company v. Tafel Electric Company, 262 Ky. 792, 91 S. W. (2d) 42.

For the reasons given herein, the judgment is reversed.