# Fugate et al. v. Taulbee Lumber & Coal Co.

May 25, 1943.

Ward & Ward for appellants.

No appearance for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON— Reversing.

In this action filed by the appellee, Taulbee Lumber & Coal Company, against the appellants, Flora Fugate and her husband, it was alleged in the petition that the defendants were indebted to the plaintiffs in the sum of $153.91 for lumber sold and delivered and to be used in making improvements on a described house and lot in the city of Hazard owned by the defendants. There was no allegation that a material man's lien had been perfected by compliance with section 2468 of the Kentucky Statutes (now KRS 376.080), but a lien was claimed by reason of the furnishing of the material.

Default judgment was rendered for the amount sued for, adjudging the plaintiff a lien on the house and lot and ordering a sale to satisfy the lien. The property was sold and purchased by the plaintiff for the amount of the debt, interest and costs. Report of sale was filed and confirmed and deed was executed to the purchaser.

This appeal is from the judgment ordering the sale. The contention is that the judgment was erroneous in so far as it granted a lien on the property and ordered it sold because the petition failed to state facts sufficient to warrant the judgment in this particular.

This court has jurisdiction of the appeal although the amount of the judgment is less than $200, since it involves the right to enforce a statutory lien (KRS 21.060). There was no allegation of a contractual lien and it is apparent that the judgment awarded a material-man's lien, a statutory lien.

That the judgment was erroneous in awarding the lien on the property and ordering it sold in satisfaction thereof is manifest. This court has consistently held that a materialman acquires no lien on property for which materials are furnished unless his right to the lien is completed and perfected by filing in the office of the clerk of the county court the statement required by section 2468. The most recent cases so holding are Woods v. Constantine, 217 Ky. 195, 289 S. W. 282, and Powers v. Brewer, 238 Ky. 579, 38 S. W. (2d) 466.

The judgment is reversed to the extent that it granted a lien and ordered the property sold, with directions to set it aside to that extent.