## Ritchie et al. v. Dyer's Adm'r et al.

May 11, 1945.

D. G. Boleyn for appellants.

Barney W. Baker, K. N. Salyer, J. W. Craft, and Lewis E. Harvie for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

In the settlement of the insolvent estate of Fred R. Dyer, deceased, the judgment declared the order of priority of the claims and liens. We reached a different conclusion as to the rank of some of them and reversed the judgment as to the parties to the appeal in International Harvester Co. v. Dyer's Adm'r, 297 Ky. 55, 178 S. W. 2d 966, 968. In the course of the opinion we said:

"While the chancellor did not err in adjudging the Corporation a preference for the royalty, he did err in directing it paid before taxes, court costs and labor claims were satisfied. But the laborers do not appeal, therefore we cannot disturb that part of the chancellor's judgment putting the Corporation's royalty ahead of labor claims."

The laborers have subsequently prayed this appeal from the judgment as it affects them and seek a reversal according to our expression of opinion. The amounts range from $8.85 to $456.75. While they cannot be added in order to give this court jurisdiction, Sterling Hardware Co. v. Jeff Newberry Co., 287 Ky. 833, 155 S. W. 2d 443, since each claimant is seeking to enforce a statutory lien on real property, KRS 376.150, we do have jurisdiction as to each claim however small. KRS 21.-060; Ashland Grocery Co. v. Martin, 267 Ky. 677, 103 S. W. 2d 72; Fugate v. Taulbee Lumber & Coal Co., 294 Ky. 422, 172 S. W. 2d 61.

For reasons assigned in the former opinion, the judgment is reversed on this appeal.