## BENJAMIN v. GOFF.

. Court of Appeals of Kentucky.

Feb. 13, 1951.

Jesse K. Lewis, Lexington, for appellant.

Stoll, Keenon & Park, Gayle A. Mohney, Lexington, for appellee.

MILLIKEN, Justice.

Jean Wallace Benjamin, as administratrix of the estate of J. Franklin Wallace, deceased, brought this action against Hugh C. Goff, doing business as Puckety Farm, and asked for a declaration of rights under Section 639a–1 of the Civil Code of Practice. The defendant, Hugh C. Goff, had filed a claim with her against the estate for $1,755 which he asserted was due him for stallion fees and board of horses for various periods of time from 1946 through 1949. The administratrix questioned her right to pay the claim on the theory that Sections 376.400 and 376.420 of the Kentucky Revised Statutes barred the claim. A general demurrer was filed to her petition, was sustained by the trial court, and from his ruling that the creditor was entitled to his claim this appeal was taken.

KRS 376.400 provides in part: "Any owner or keeper of a livery stable, and a person feeding or grazing cattle for compensation, shall have a lien upon the cattle placed in the stable or put out to be fed or grazed by the owner, for his reasonable charges for keeping, caring for, feeding and grazing the cattle. * * * The lien shall be subject to the limitations and re-

strictions placed upon a landlord's lien for rent."

KRS 376.420(1) provides: "Any licensed keeper of a stallion, jack or bull shall have a lien for the payment of the service fee upon the get of the stallion, jack or bull, for one year after the birth of the progeny."

It is admitted by the parties that the time has now lapsed for enforcement of any lien which the creditor may have, and it is the contention of the administratrix that the remedy given by these statutes is the only one the creditor has. In support of her contention she cites United States Fidelity & Guaranty Co. v. Tafel Electric Co., 1935, 262 Ky. 792, 91 S.W.2d 42, 43. In that case suit was brought under a statute by a subcontractor against the surety on the general contractor's performance bond. The Tennessee statute which governed the maintenance of the action, after giving such a right of action to a subcontractor, provided "that action shall be brought * * * within six months following the completion of such public work, or of the furnishing of such labor or materials." In that case suit was not brought within the six months' period, and this court properly held that the action could not be maintained because the action contemplated by the statute was not known to the common law and was wholly a creature of statute.

The creditor here makes no attempt to assert a lien, and the only question we have before us is whether the statutes mentioned were intended to be exclusive remedies for the collection of a claim such as the one at bar. There is nothing about the statutes which suggests that they provide an exclusive remedy. Section 233 of the Kentucky Constitution provides that the common law shall be in effect in this state until repealed or altered by the Legislature. As stated in Ruby Lumber Co. v. K. V. Johnson Co., 299 Ky. 811, 187 S.W.2d 449, 453, 166 A.L.R. 1215: "Repeals by implication are not favored and never declared unless clearly made to appear. What is true of statutes is true as to the common law. The Constitution provides that all common law should be in effect in this State until repealed or altered by the Legislature. * * * We are not at liberty to ignore the common law totally. * * * We have held that the intention to abrogate the common law is not presumed. The intention to repeal must be clearly apparent."

See, also, 11 Am.Jur., Common Law, Section 15, page 168.

The Circuit Court properly sustained the general demurrer, and the judgment is hereby affirmed.