**HELLMAN LUMBER COMPANY, INC.
and Northstar Drywall, Inc.,
Appellants,**

v.

**Dennis B. LANDRUM and Diane
Landrum, Appellees.**

Court of Appeals of Kentucky.

August 27, 1982.

Timothy B. Theissen, Theissen & Theissen, Covington, for appellants.

Willie Mathis, Jr., Walton, for appellees.

Before GANT, HOWARD and WINTERSHEIMER, JJ.

GANT, Judge.

This appeal arises from a summary judgment rendered against two subcontractors in their action to enforce materialmen's liens against the property owners on the ground that they failed to file their action within one year of the date of filing their Statements of Lien required under KRS 376.090. Both appellants contend that the bankruptcy action filed by the general contractor tolled the running of the statute. Hellman argues that its action was filed within the statutory period.

## BANKRUPTCY TOLLING THE STATUTE

Title 11, U.S.C., *The Bankruptcy Act,* § 362, provides for a stay of all proceedings against the debtor, who is defined in § 101(12) as the person concerning which the bankruptcy is commenced. There is no showing herein that the general contractor had any interest in the property of the appellees, other than being named in the Statement of Lien as a precautionary procedure, or that any stay order of the court in the bankruptcy action sought to operate as a stay of proceedings against the landowners, who were not the parties against whom the bankruptcy was commenced.

■ The obvious intent of the Bankruptcy Act is to consolidate all claims against the bankrupt debtor and to subject any property of that debtor to such claims. It does not obviate the necessity of a claimant against both the bankrupt and a third party of proceeding against the third party, or even remove the necessity of protecting a claim against the debtor. *Fid. & Cas. Co. of N. Y. v. Ekst. College,* 287 Ky. 439, 152 S.W.2d 581 (1941), and *Central Contractors Service v. Ohio County Stone Co.,* Ky., 255 S.W.2d 17, 21 (1953).

■ Accordingly, the summary judgment against appellant Northstar Drywall, Inc. is affirmed.

## THE "AMENDED" STATEMENT OF LIEN

On August 29, 1979, appellant Hellman Lumber Company, Inc. filed a lien statement in the office of the proper clerk against the general contractor and the property owners, properly identifying the real property in question and showing that the last materials were furnished July 31, 1979. This Statement of Lien, through inadvertence or mistake, listed the amount for which the lien was sought as $980.13. On October 17, 1979, still within the statutory period of six months accorded by KRS 376.080, Hellman filed a second lien showing that the correct amount of the lien was $8,051.31. The second statement contained the language, "The sole purpose of filing this 'Amended Mechanic's Lien Statement' is to correct the amount of the lien as previously recorded on August 29, 1979 . . ." The action by Hellman to enforce the lien was filed on October 5, 1979, which was more than one year after the filing of the imperfect lien but less than one year after filing the second lien. It is our opinion that this was timely.

The statutes of this Commonwealth do not contain a provision for amendment of a defective lien statement, nor are we able to discern any cases directly in point. We note, however, a valuable annotation in 81 A.L.R.2d 681, pertaining to claim amendment. This annotation points out that the usual case arises where the "correction" or "amendment" is attempted after the expiration of the time for filing the lien statement or, in some instances, where the attempt was made prior to expiration but diverted for some reason. The annotation goes on to say, at p. 683:

It would seem, a priori, that if the question whether a defect in a lien claim or statement . . . was a defense to enforcement of the lien arose prior to expiration of the time for filing the claim or state-

ment, there could be no objection to obviating such defect by filing a corrected (that is, amended) statement. This probably explains the dearth of cases in which the propriety of an amendment made or offered at a time when the period for filing and original claim or statement had not expired was challenged.

KRS 376.080 mandates that the lien statement include (1) a statement of the amount claimed, less any known credits or setoffs, (2) a description of the property sufficiently accurate to identify it, (3) the name of the owner, and (4) whether the contract was with the owner or another person. The Kentucky cases have held that failure to timely file a statement with the correct information renders a lien unenforceable, in the instances of correct names of owners or correct or identifiable descriptions. *See Fugate v. Taulbee Lumber & Coal Co.*, 294 Ky. 422, 172 S.W.2d 61 (1941); *Headrick v. Waterbury*, 277 Ky. 288, 126 S.W.2d 411 (1939); *Woods v. Constantine*, 217 Ky. 195, 289 S.W. 282 (1926). Our courts have also held that a corrected lien statement, timely filed, is valid and enforceable even though an incorrect lien had been previously filed. *Andrews v. Wilson*, 253 Ky. 237, 69 S.W.2d 343 (1934).

It is the opinion of this Court that a corrected or Amended Statement of Lien, *filed within the statutory period,* to replace an incorrect Statement of Lien previously filed, becomes the original claim or statement and that the one-year period for filing action to enforce the lien commences with the filing of the corrected statement.

The summary judgment against Hellman Lumber Company, Inc. is reversed and this case is remanded to the lower court for further proceedings consistent herewith.

All concur.